SHAW *v.* WEBB.[*]

*(Nashville.  December Term, 1914.)*

1. **BAILMENT.  Bailee's common-law lien.  Possession.**

An artisan's common-law lien, as against third persons, depends
for validity, upon his retention of the article or property sub-
ject to the lien.  (*Post, pp.* 176-180.)

Case cited and distinguished:  Sullivan v. Clifton, 55 N. J. Law,
324; Buxton v. Baughn, 6 C. & P. 674.

Cases cited and approved:  Baughman Automobile Co. v. Emanuel,
137 Ga., 354; Small v. Robinson, 69 Me., 425; Denison v. Shuler,
47 Mich., 598; Bissell v. Pearce, 28 N. Y., 252; Hampton v. Seible,
58 Mo. App., 181; Kirtley v. Morris, 43 Mo. App., 144; Watts
v. Sweeney, 127 Ind., 116; Hammond v. Danielson, 126 Mass.,
294; Ruppert v. Zang, 73 N. J. Law, 216; D'Gette v. Sheldon,
27 Neb., 829; McGhee v. Edwards, 87 Tenn., 506; Nat. Bank
of Commerce v. Jones, 18 Okl., 555; Adler v. Godfrey, 153
Wis., 186.

2. **SALES.  Statutory lien for repairs.  Priority.  Lien of con-
ditional vendor.**

The lien on a vehicle for repairs furnished at the request of the
owner or his agent, in favor of the mechanic, etc., who under-
takes the work, notwithstanding he may have parted with its
possession, given by Acts 1909, ch. 150, is subordinate to the
lien of the conditional seller of the vehicle, since placing the
vehicle in the possession of the conditional buyer should not
be considered as a consent in advance to the subordination of
the title retained for security for the payment of the purchase
money, and since the seller's intent, if any, to permit repairs and
a consequent lien attaching to his interest should be manifested
in the note contract, as otherwise notes containing the reserva-
tion of title would be deprived of a considerable element of
marketability.  (*Post, pp.* 180-184.)

[*]As to liens of innkeepers, generally, see note in 21 L. R. A., 229.

Case cited and distinguished:   Keene v. Thomas, 1 K. B., 136.

Cases cited and approved:   Presque Isle, etc., Co. v. Reichel, 179 Mich., 466; Gillespie· v. Bradford, 15 Tenn., 168; Rhea v. Allison, 40 Tenn., 176; Belnap v. Condon, 23 L. R. A. (N. S.), 601; New Memphis Gaslight Co. Cases, 105 Tenn., 268; Pride v. Viles, 35 Tenn., 125; Automobile Co. v. Bicknell, 129 Tenn., 493; Price v. Jones, 40 Tenn., 84; McCombs v. ·Guild, 77 Tenn., 81; Drummond Carriage Co. v. Mills, 54 Neb., 417; Ragon v. Howard, 97 Tenn., 334.

3. **SALES.   Conditional sales.   Lien.**

A seller's retention of title to personal property to secure the purchase money partakes of the nature of a lien, and, when retained in a written, unregistered contract is superior to any right acquired by a purchaser for value and without notice. (*Post, pp.* 180-184.)

4. **INNKEEPERS.   Lien.   Nature.**

The common-law lien of an innkeeper attaches to personal property in possession of a guest, as a conditional buyer, provided the innkeeper had no notice of the nature and extent of the guest's title when the property was brought to the inn; such lien being given by way of recompense for his obligation to receive the guest and his baggage.   (*Post, pp.* 184, 185.)

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—M. H. MEEKS, Judge.

CHESTER K. HART and R. B. C. HOWELL, for Shaw.

R. L. SADLER, for Webb.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Shaw sold an automobile to one Akers, the purchase price being represented in two notes, each of which contained a stipulation retaining title to the machine to secure payment. The machine passed at once into the possession of the vendee. Some time thereafter it became necessary to have some repairs made on it, and the automobile was taken to Webb, a mechanic, about the date of the maturity of the first note. After the repairs were placed the machine was turned back by the mechanic to the conditional vendee, Akers. On default being made in the payment of the first maturing note, Shaw by writ of replevin repossessed himself of the machine. Suit was thereupon brought by Webb, the mechanic, against Shaw, the vendor, to enforce a claimed mechanic's lien on the automobile for the amount of the repair bill so created.

This action was predicated upon a recent statute (Acts 1909, ch. 150) which provides:

"That there shall be a lien upon any vehicle . . . for any repairs or improvements made or fixtures or machinery furnished at the request of the owner or his agent in favor of the mechanic, contractor, founder, or machinist who undertakes the work," etc.

Judgment was rendered in favor of the mechanic by the circuit judge, who tried the case without the intervention of a jury. On appeal that judgment was affirmed by the court of civil appeals; and we are, by

petition for *certiorari* asked to review the judgment of the court last named.

The mechanic had no actual notice of the retention of title; and the conditional vendor did not know that the machine was placed with the mechanic to be repaired.

It is to be noted that we are not dealing with a claim by Webb to the artisan's common-law lien which depends for validity, as against third parties, upon the retention of possession on the part of the artisan. Here Shaw had parted with possession, after the repairs were made on the automobile, to Akers, the conditional vendee.

However, the few cases that pass upon the right of an artisan in possession and claiming such common-law lien as against a conditional vendor of the personalty repaired by analogy shed much light upon the point we have to decide.

In *Baughman Automobile Co.* v. *Emanuel,* 137 Ga., 354, 73 S. E., 511, 38 L. R. A. (N. S.), 97, we understand from the report of the case that such common-law lien was relied upon by a mechanic for repairs put by him on an automobile, under contract with a conditional vendee in possession, and the court held that the artisan's lien was subordinate to the right of the vendor, standing on his title retained. In that case it appeared that the lien claimant had knowledge of the rights of the conditional vendor at the time the work on the machine was done.

*Small* v. *Robinson,* 69 Me., 425, 31 Am. Rep., 299, involved a contest between the conditional seller of a hack, which had been in the possession of the vendee for about two years, and a mechanic urging the common-law lien of an artisan. A like ruling was made in favor of the conditional seller.

If we go, for further analogy, to the law governing chattel mortgages, we find the rulings to be at least apparently variant. The artisan's common-law lien has been held to be subordinate to the rights of a mortgagee of such a chattel under a registered instrument; and the fact that the mortgagor is permitted to remain in possession, in the absence of a statute providing otherwise, affords no implied authority on his part to subject the chattel to such a lien in priority. A lien attaches, it is held, but only to the mortgagor's interest. *Denison* v. *Shuler,* 47 Mich., 598, 11 N. W., 402, 41 Am. Rep., 734, and cases cited; *Bissell* v. *Pearce,* 28 N. Y., 252; *Hampton* v. *Seible,* 58 Mo. App., 181, overruling, it would seem; *Kirtley* v. *Morris,* 43 Mo. App., 144; 7 Cyc., 39.

Other cases uphold the priority of the artisan's lien, over the mortgagee's title, in instances where there may fairly be implied a consent, on the part of the mortgagee, that the mortgagor while in the use of the chattel may have it repaired. Thus in *Watts* v. *Sweeney,* 127 Ind., 116, 26 N. E., 680, 22 Am. St. Rep., 615, it was held that a machinist was entitled to prevail on such a lien as against the claim of the mortgagee

of a locomotive, the mortgagor being a public or common carrier, and the repairs being made after the condition of the mortgage was broken and the mortgage debt had become due.

In *Hammond* v. *Danielson*, 126 Mass., 294, the subject-matter was a hack let for hire which had been mortgaged and described in the mortgage as "now in use" in a certain livery stable. The mortgagor was left in possession agreeably to the terms of the mortgage; that is, the manifest intention of the parties was that the hack should continue to be driven for hire and kept in a proper state of repair for that purpose. For repairs made under contract with the mortgagor the artisan's lien was awarded priority.

In *Ruppert* v. *Zang*, 73 N. J. Law, 216, 62 Atl., 998, in an opinion by Pitney, J., it was held that a common-law lien had priority over a mortgage when claimed for repairs upon a wagon by an artificer, made without the knowledge of the mortgagee.

However, in the cases of *Watts* v. *Sweeney* and *Ruppert* v. *Zang*, supra, the distinction between the effect of such a common-law lien and a statutory lien of a mechanic was noted—whether properly so is a debatable point. Judge Pitney in the last-named case refers to *Sullivan* v. *Clifton*, 55 N. J. Law, 324, 26 Atl., 964, 20 L. R. A., 719, 39 Am. St. Rep., 652, as a case pointing out the ground of such a distinction. It was said in *Sullivan* v. *Clifton*:

"It is one of the characteristics of common-law liens which arise, upon considerations of justice and policy,

by operation of law, as distinguished from liens created by contract or statute, that the former, as a general rule, attach to the property itself without any reference to ownership, and override other rights in the property, while the latter are subordinate to all prior existing rights therein.''

See, also, *D'Gette* v. *Sheldon*, 27 Neb., 829, 44 N. W., 30; 25 Cyc., 678.

We think it manifest that if the New Jersey court had been dealing with a claim that could only have had basis on a statute, like the one in the pending case, it would have held the same inferior to the mortgage lien.

Coming now to precedents which contrast the rights of statutory lien claimants with those of mortgagees under previously registered chattel mortgages:

In *McGhee* v. *Edwards*, 87 Tenn. (3 Pick.), 506, 11 S. W., 316, 3 L. R. A., 654, it was ruled that the statutory lien of a livery stable keeper on a horse must yield to the lien of such a mortgagee, where the lien claim arises under contract with the mortgagor in possession before the maturity of the mortgage. In accord are many cases relating to the statutory lien for pasturage of live stock. *National Bank of Commerce* v. *Jones*, 18 Okl., 555, 91 Pac., 191, 12 L. R. A. (N. S.), 310, and note, 11 Ann. Cas., 1041. The same rule applies to other chattels. 25 Cyc., 678.

Thus, in the recent case of *Adler* v. *Godfrey*, 153 Mich., 186, 140 N. W., 1115, it was held that the fact that the mortgagor is permitted to remain in possession of a mortgaged automobile affords him no implied

authority to create a lien thereon for storage (a lien
by statute in that State) superior to the rights of the
mortgagee, and that the rights are not changed by the
fact that the mortgagee knew that the mortgagor was
keeping the machine in a public garage.

The claim advanced in this case in behalf of Webb
as lienor is based upon a statute which awards a lien,
notwithstanding the mechanic may have parted with
possession, upon any vehicle "for any repairs or im-
provements made  .  .  .  at the request of the owner
or his agent," but saving the rights of purchasers with-
out notice under good faith transfers.

The question for solution, then, is: Is this statutory
lien superior to the rights of Shaw, the conditional
vendor?

We have not been cited, nor have we been able to
find, where the point in the presented phase has been
ruled in any reported case. We are of opinion, how-
ever, that on the above and other analogies of the law
the lien claimant must fail in the pending case.

The Michigan court ruled in *Presque Isle, etc. Co.* v.
*Reichel,* 179 Mich., 466, 146 N. W., 231, that the title
of a conditional seller of a saw has priority over a
statutory lien of a laborer for services in installing
the saw in a mill under contract with the vendee.

Where real estate is the subject-matter of transfer
and the vendor retains the legal title, it is not within
the power of the vendee, under a bond for title or un-
der a contract to convey (nothing else appearing), to
fix a mechanic's lien upon the property which will be

superior to the title so retained. *Gillespie* v. *Bradford,* 7 Yerg. (15 Tenn.), 168, 27 Am. Dec., 494; *Rhea* v. *Allison,* 3 Head (40 Tenn.), 176; *Belnap* v. *Condon,* 23 L. R. A. (N. S.), 601, note.

The prior rights of a mortgagee of realty under a registered mortgage cannot be so affected by the mortgagor in possession (*New Memphis Gaslight Co. Cases,* 105 Tenn. [21 Pick.], 268, 302, 60 S. W., 206, 80 Am. St. Rep., 880), even where the mortgagee merely knew of the repairs or improvements (*Pride* v. *Viles,* 3 Sneed [35 Tenn.], 125).

In this State, the retention by a vendor of the title to personal property to secure the purchase money partakes of the nature of a lien. *Automobile Co.* v. *Bicknell,* 129 Tenn., 493, 167 S. W., 108, and cases cited. Such title, when retained in a written contract, unregistered, is superior to any right acquired by a purchaser for value and without notice. *Price* v. *Jones,* 3 Head (40 Tenn.), 84; *McCombs* v. *Guild,* 9 Lea (77 Tenn.), 81.

It is not easy to conceive, then, how the title retained or lien that is prior in time may be supplanted by a junior lien, created by statute in behalf of a mechanic, without the concurrence of the holder of the precedent lien; and it is not contended that any such express assent or concurrence is shown in the pending case.

There are cases which hold that such consent may be implied from the nature of the transaction or from the circumstances. In *Hammond* v. *Danielson,* supra, and *Watts* v. *Sweeney,* supra, the chattels were in use by

public carriers, and the courts found room to imply such consent. In *Drummond Carriage Co.* v. *Mills,* 54 Neb., 417, 74 N. W., 966, 40 L. R. A., 761, 69 Am. St. Rep., 719, involving a buggy, the court construed the language of the mortgage to have had the making of repairs in contemplation.

Doubtless a court, in order to sustain a claim to lien, would not hesitate to seize upon any provision in a contract retaining title or in a mortgage which may be construed to look to the making of repairs or improvements at the instance of the vendee or mortgagor in possession. *Ragon* v. *Howard,* 97 Tenn. (13 Pick.), 334, 37 S. W., 136; *Drummond Carriage Co.* v. *Mills,* supra.

The English courts, it appears, take this view of the rights of the parties. In the recent case of *Keene* v. *Thomas,* 1 K. B. (1905), 136, where by a hire-purchase agreement plaintiff had let a dogcart to one Robertson, who in the course of time sent the cart to be repaired to defendant, a couch builder, Lord Chief Justice Alverstone said:

"This case raises an important point, and one on which there is no direct authority. I am rather surprised, indeed, that there is not more, but probably hire-purchase agreements were not so common formerly as they are now. I think that the county judge has come to a right conclusion. The real question that we have to decide is that stated by Alderson, B., in *Buxton* v. *Baughan* (1834), 6 C. & P., 674, 40 R. R., 842, namely, whether the man who made the bargain

Shaw v. Webb.

with the repairer had authority from the plaintiff to make such a bargain. There is no doubt that Robertson made the bargain that the trap should be repaired by the defendant. The hire-purchase agreement expressly says that Robertson is 'to keep and preserve the dogcart from injury (damage by fire included).' . . . The clause does give Robertson authority to take care of the cart and to keep it in proper order, and that, in my opinion, implies an authority on the plaintiff's behalf to get the trap repaired if it needed repair. . . .

"The case of *Buxton* v. *Baughan* is not authority in favor of the plaintiff. The facts there were not the same. In that case, Alderson, B., said: 'If you trust your goods into a man's possession, and he makes a bargain about them without your authority, you are not bound by that bargain, and may reclaim the goods. . . . A man has no right to keep my property, and charge for the standing of it, unless there was a previous bargain between him and me, or between him and some agent authorized by me'—and he held there on the facts of that case that there was no such authority."

We are of opinion, therefore, that something more is required than the fact that a vehicle, which may need repair in order to continue personal use by the vendee, is placed in the possession of the conditional vendee. The vendor in such case should not be considered as consenting in advance to the subordination to that which both parties patently intended to make su-

perior—the title retained for the security of the payment of the purchase money.

The intent of the vendor to permit repairs to be made and a consequent lien to attach to his interest should have been manifested in the note contract, since upon a transfer of the note the transferee is vested with the rights of the conditional vendor. To announce a doctrine such as is contended for by the mechanic in this case would be to deprive a note which contains a reservation of title to personalty of a no inconsiderable element of marketability. The transferee of such paper should not, we believe, take it subject to the risk of having his right embarrassed or lessened by such act of the vendee maker, when the note contains nothing to put him on notice.

It should perhaps be noted, by way of parenthesis, that a distinction is taken by the authorities between such a claim of a mechanic and the common-law lien of an inn-keeper on a chattel held in possession as conditional vendee by a guest. To such a chattel brought upon his premises, the lien attaches in favor of the innkeeper, provided he had no notice of the nature and extent of the guest's title when the property was brought into the inn. In such case the common law imposed upon the innkeeper the obligation to receive the guest and his baggage, and that liability is deemed sufficient to give rise to a coextensive lien. So to speak, by way of recompense for the enforced obligation, the lien is held to attach to the property regardless of the true ownership.

The court of civil appeals in its judgment awarded priority to the mechanic on his claim to a paramount lien.  Reversed, with judgment here in accord with this opinion.