Robinson Bros. Motor Co. *v.* W. S. Knight, Sheriff,
*et al.**

(*Nashville,* December Term, 1926.)

Opinion filed, December 18, 1926.

1. **CONDITIONAL SALE.** Retention of title. Lien of vendor.
Common law lien of artisan. Services rendered vendee.

The common-law lien of an artisan, a machinist for work done,
repairs to damaged automobile, at request of conditional vendee,
possession being retained is superior to the unrecorded lien of a
conditional vendor, upon the retention of title, in a purchase when
car was sold unknown to artisan until after repairs are made.
(Post, p. 633.)

Citing: Provident Inst. for Savings v. Jersey City, 113 U. S., 506,
28 L. Ed., 1102; Manufacturing Co. v. Nordeman, 118 Tenn., 784,
L. R. A., 1915D, 1141; Nance v. Piano Co., 128 Tenn., 1.

2. **COMMON-LAW LIEN OF AN ARTISAN.** Possession.

The common-law lien of an artisan employed to bestow labor upon
an article, is merely a right to detain the article until his reason-
able charges for work are paid. If he surrenders the article,
the lien is gone. (Post, p. 634.)

Citing: Code, Thompson's-Shannon's, sec. 3559, et seq.; 2 Kent.
Com., 635; 37 C. J., 327; 3 R. C. L., 134; Sullivan v. Clifton, 55
N. J. L., 324, 20 L. R. A., 719; Brown v. Peterson, 25 App., 359,
4 Anno. Cas., 980; Drummond Carriage Co. v. Mills, 54 Neb.,
417, 69 Am. St. Rep., 719.

---

*On priority of lien for repairs and right of seller under conditional
contract, see annotation in 20 A. L. R., 249.

On right to lien for repairs or other services under contract with
purchaser under conditional sale, see annotation in L. R. A., 1915D
1141; 3 R. C. L., 134; 1 R. C. L. Supp., 773; 6 R. C. L. Supp., 152.

**3. SAME. Same. Notice. To artisan.**

When a common-law lien is asserted for work done on personal property at request of conditional vendee, thereof, such lien is subordinate, if artisan had notice, either actual or constructive of the prior retained title, unless express or implied authority for work performed can be ascribed to conditional vendor. (Post, p. 635.)

Citing: Cases reviewed in Shaw v. Webb, and in Note L. R. A., 1915D, and 1150; Scott v. Mercer Garage & Auto Sales Co.. 88 W. Va., 92, 20 A. L. R., 246; McGhee v. Edwards, 87 Tenn., 506; Thompson's-Shannon's Code, secs. 3552-3556.

---

*Headnotes 1. Motor Vehicles, 28 Cyc., p. 43 (Anno); 2. Bailments, 6 C. J., sections 79, 85; 3. Bailments, 6 C. J., section 90; Liens, 37 C. J., section 39.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County. —Hon. WIGHTMAN HUGHES, Chancellor.

A. W. KETCHUM, for appellant.

BIGGS & WELCH, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The complainants, a partnership, are automobile dealers and sold to one L. L. Crump a car. They took in part payment Crump's two notes, aggregating $1,305. Title was retained to the machine in the face of said notes until they were fully paid. There was no recorded instrument witnessing this reservation of title.

Prior to the payment of the notes in full, the automobile being in Crump's possession, he had an accident in which it was very badly damaged. Crump took the car to the Burt-Overland Company, which operated a machine shop in Memphis, for repairs. This concern made the necessary repairs, for which payment has not been made.

The Robinson Bros. Motor Company did not know of the accident to the machine until after it had been placed in the shop for repairs. The Burt-Overland Company did not know that the Robinson Bros. Motor Company had reserved title to the machine until after the repairs had been made. The Burt-Overland Company refused to surrender the automobile until its charges for the work done had been paid. Thereupon this suit was brought by the conditional vendors to replevin the car. The Burt-Overland Company answered, averring that its common-law lien for repairs was a prior charge on the automobile. There was an agreed statement of facts filed, and the chancellor dismissed the bill.

The single question presented upon appeal is which of the two liens is superior—the unrecorded lien of a conditional vendor, or the common-law lien of an artisan for work done upon an article of which he retains possession.

The appellants rely chiefly on *Shaw* v. *Webb,* 131 Tenn., 173. In that case, a conditional vendee had taken an automobile to a machinist for repairs and the latter sought to enforce the lien provided by chapter 150 of the Acts of 1909. That statute enacts that:

"There shall be a lien upon any vehicle, . . . for any repairs or improvements made or fixtures or machin-

ery furnished at the request of the owner or his agent in favor of the mechanic, contractor, founder, or machinist who undertakes the work."

The court pointed out in *Shaw* v. *Webb* that title retained by a vendor in a written contract, unrecorded, upon personal property to secure purchase money, was of the nature of a lien, and, in analogy to cases holding such lien superior to any right of an innocent purchaser for value, held that such lien was superior to the lien provided by chapter 150 of the Acts of 1909. The conditional vendee could not be regarded as the "owner or his agent" authorized to create the lien, under that statute. The court was, however, careful to note that it was not dealing with a common-law lien. In *Shaw* v. *Webb,* the repaired car had been turned back by the machinist to the conditional vendee. Possession had been surrendered by the repairman, and his common-law lien lost.

The common-law lien of an artisan employed to bestow labor upon an article is merely a right to detain the article until his reasonable charges for the work are paid. If he surrenders the article, the lien is gone. This lien is distinctly recognized by Code (Thompson's-Shannon's) section 3559 *et seq.,* and methods there provided for enforcing it, by advertising, etc., without the necessity of suit.

Judge Kent says that this right of lien probably originated in those cases in which there was an obligation arising out of public employment, such as rests upon innkeepers and common carriers to receive and care for goods. He says, however, that "it is not now confined to that class of persons; and in a variety of cases, a person has a right to detain goods de-

livered to him to have labor bestowed on them, who would not be obliged to receive the goods in the first instance contrary to his inclination. It is now the general rule, that every bailee for hire, who, by his labor and skill, has imparted an additional value to the goods, has a lien upon the property for his reasonable charges." 2 Kent's Com. * 635.

As noted in *Shaw* v. *Webb,* "common-law liens, as distinguished from contract or statutory liens, usually attach to property in the possession of the lienor, without reference to ownership, and override all other rights in the property." 37 C. J., 327, 3 R. C. L., 134; *Sullivan* v. *Clifton,* 55 N. J. L., 324, 20 L. R. A., 719; *Brown* v. *Petersen,* 25 App. 359, 4 Ann. Cas., 980; *Drummond Carriage Co.* v. *Mills,* 54 Neb., 417, 69 Am. St. Rep., 719.

The rule just stated should, in most cases, have this qualification. When a common-law lien is asserted for work done on personal property at the request of the mortgagor or conditional vendee thereof, such lien is subordinate to the lien of a prior chattel mortgage or retained title, if the artisan had notice, either actual or constructive, of the prior mortgage or retained title. This is true unless express or implied authority for the work performed can be ascribed to the mortgagee or conditional vendor. See cases reviewed in *Shaw* v. *Webb,* and in note L. R. A. 1915D, 1150. See, also, *Scott* v. *Mercer Garage & Auto Sales Co.,* 88 W. Va., 92, 20 A. L. R., 246.

The case last cited *Scott* v. *Mercer Garage & Auto Sales Co.,* is relied on by the appellants here. It deals, however, with a title reserved by a recorded instrument of which the artisan had constructive notice.

In *McGhee* v. *Edwards,* 87 Tenn., 506, the mortgage held precedent to the lien of a livery stable keeper was a registered mortgage. The liveryman's lien, although statutory, is put on a parity with the innkeeper's lien. Thompson's-Shannon's Code, sections 3552, 3556.

We find no decision postponing the common-law lien of a bailee for hire, retaining possession of the article upon which he has labored, to the lien of a conditional vendor of the article, claiming a reserved title through an instrument not put to record.

Bearing in mind that the labor of the artisan who repairs enhances the value of the common pledge, that his lien "is favored in law," and "rests upon principles of natural equity and commercial necessity" (2 Kent's Com. *643), we think it should not be deferred to a retained title of which he has neither actual nor constructive notice.

Liens of this favored character are said by the Supreme Court of the United States to be given for the preservation or betterment of the common pledge, and, in natural equity, fairly entitled to the first rank in a list of claims. *Provident Inst. for Savings* v. *Jersey City,* 113 U. S., 506, 28 L. Ed., 1102.

We have heretofore called attention to "the disinclination of this court to extend the law of conditional sales further than has already been done, since they are essentially out of harmony with the policy that underlies our registration laws." *Manufacturing Co.* v. *Nordeman,* 118 Tenn., 384.

What we have said herein is confirmed by the investigation and conclusion of the editor of the note, L. R. A.

1915D, 1141, annotating *Shaw* v. *Webb.*   On page 1142 he observes:

"It would seem, however, although no decision upon this point has been found, that one claiming merely a common-law lien for services to personal property, depending upon the continued possession of the property, should be entitled to such lien, although the services were performed at the request of a conditional vendee in possession without title, where he had, at the time of the services, no knowledge or notice, either actual or constructive, as given by statutory filing or recording of the contract, of the vendor's title to the property."

Much of the reasoning of the opinion in *Nance* v. *Piano Co.,* 128 Tenn., 1, supports our decision herein, although that case considered a statutory lien—a statute extending the lien of innkeepers to boarding house keepers. We are not to be understood as attributing to an artisan's common-law lien the same reach as has the lien of an innkeeper. The latter of course, has to receive the goods, while an artisan does not.

Other cases referred to by the parties have been considered, but do not seem to require comment.

The decree of the chancellor will be affirmed.