DIAMOND SERVICE STATION *v.* BROADWAY MOTOR CO.

(*Nashville.* December Term, 1928.)

Opinion filed January 19, 1929.

Bockman & Haile, for plaintiff in error.

Bond & Fuqua and O. K. Holliday, for defendant in error.

Mr. Justice Cook delivered the opinion of the Court.

*(1)* It appears from the agreed state of facts, and is conceded in the brief of counsel for plaintiff in error, Diamond Service Station, herein referred to as defendant, that defendant in error, Broadway Motor Company, herein referred to as plaintiff, sold to Peoples Line Incorporated the automobile described in the writ of replevin, and retained the title until the deferred notes were paid. The conditional vendee, Peoples Line Incorporated, defaulted in payments, and the conditional vendor, the plaintiff, sued out a replevin writ to recover

possession so that it might enforce its claim as provided by section 3670a7, Shannon's Code.

*(2)* No controversy exists between the vendor and vendee, but the defendant, Diamond Service Station, claims the right to possession for the enforcement of liens, statutory and common law, in satisfaction of an account of $141.60 against Peoples Line Incorporated. The items of account are $4.90 for labor in repairing the car, $18 for storage of the car, $80 for two tires and tubes placed on the car thirty days before it was replevied, $38.70 for gasoline and tubes placed in and upon this and other cars owned by Peoples Line Incorporated.

No steps were taken by defendant to enforce the alleged lien when the plaintiff sued to recover possession of the car. At the hearing before the justice of the peace, plaintiff offered to pay defendant the account for repairs and storage amounting to $22.90, and defendant refused to accept it. An appeal from the judgment of the justice of the peace carried the case to the circuit court where it was held that the claim of $4.90 for repairs was a lien on the car superior to that of the conditional vendor, and that plaintiff was entitled to possession when that claim was satisfied. The trial judge rendered judgment against plaintiff for this item and the cost and awarded possession to plaintiff. Plaintiff did not except to the action of the trial judge in rendering judgment against it and its surety on the replevin bond for the amount which the trial judge found would discharge the lien.

The defendant appealed, insisting, first that plaintiff cannot maintain the action because the entire property and right of possession is not in it, but to the extent of defendant's lien the title and right of possession are

outstanding, and that the trial judge committed error in restoring the car to plaintiff, and should have let defendant hold it for the enforcement of its lien. Second, the defendant insists that the entire account constitutes a lien on the car, and that plaintiff is not entitled to possession until the lien is discharged.

The item of $80 is for two tires sold by the defendant to Peoples Line Incorporated, and placed on the car. Under the doctrine of accession, they became a part of the car. *Tire and Vulcanizing Co.* v. *Auto Storage Co.,* 133 Tenn., 516. The defendant did not retain title to the tires but delivered them to Peoples Line Incorporated, and they became a part of the car about thirty days before plaintiff sued. It is disclosed by the agreed state of facts that only one of the tires was on the car when it was replevied, and it was put there to replace a tire which had blown out. It is to be inferred from this statement that the car was in the possession and use of Peoples Line Incorporated, when both tires were put on the car, and that the car was not held for enforcement of a lien for the price of the tires.

The subsequent act of Peoples Line Incorporated, in storing the car in defendant's garage created the relation of bailor and bailee. That act could not operate to revive the alleged common-law lien for the tires. The defendant must have held the car at the time the accession was made. The statutory lien given by chapter 150, Acts of 1909, does not supplant the lien of plaintiff, the conditional vendor, because plaintiff had no knowledge of the transaction between Peoples Line Incorporated and defendant, and derived no particular benefit from the act. *Robinson Bros. Motor Co.* v. *Knight,* 154 Tenn., 631; *Shaw* v. *Webb,* 131 Tenn., 173.

The item of $38.70 was for gasoline and tubes placed on this and other cars owned by Peoples Line Incorporated. No lien, statutory or common law, was impressed on the car in favor of defendant for gasoline supplied to operate it, and it does not appear that any tubes were put on this car other than those referred to in connection with the item of $80.

(3) It was agreed that the item of $4.90 for labor in repairing the car constituted an artisan's lien, and that the item of $18 was a charge for storage of the car. In *Robinson Bros. Motor Co.* v. *Knight, supra,* it was said that the work of repair enhanced the value of the car, and it was held that the common-law lien of the artisan in possession for work done at the request of the conditional vendee was superior to that of the conditional vendor. It would follow by the same process of reasoning that since defendant's service in storing the car resulted in its preservation, the common-law lien for storage would inure to the benefit of the defendant in possession. The trial judge limited the defendant's lien to the item of $4.90 for repairs and held that upon satisfaction of this lien plaintiff was entitled to possession. He thereupon gave judgment for $4.90 against plaintiff and sureties on the replevin bond, and holding that satisfaction of defendant's lien concluded defendant's claim of possession, awarded the car to the plaintiff. There is no merit in the contention that the judgment is erroneous. Defendant's right of possession rested upon its right to hold the car for the satisfaction of so much of its account as constituted a lien on the car. Without payment of the account, the lien could be enforced as provided in section 3569 of Shannon's Code. Payment of the account could discharge the lien and put an end to defendant's

right of possession. It could not refuse to let the lien be discharged by the owner of the car, retain possession and impose upon plaintiff the unnecessary delay and expense of enforcing the lien which plaintiff offered to satisfy. Defendant should have accepted payment and surrendered the car. The trial judge so held and awarded possession after entering judgment sufficient, in his opinion, to end defendant's right of possession. The account of storage should have been included and judgment given for $22.90. With this modification, the judgment of the circuit court is affirmed.

(4) Such a judgment is authorized by section 4702 of Shannon's Code, which provides that judgments may be moulded to suit the facts.

Judgment will be entered here against Broadway Motor Company and the sureties on the replevin bond for $22.90, the amount required to discharge the defendant's common-law lien, and for the costs of the trial court. Costs of appeal to this court should be divided equally.