Knoxville Outfitting Company *v.* Knoxville Fireproof
Storage Company.*

(*Knoxville,* September Term, 1929.)

Opinion filed, December 21, 1929.

*Corpus Juris-Cyc References: Common Law, 12CJ, section 15, p. 187, n. 89; Sales, 35Cyc, p. 680, n. 7; Warehousemen, 40Cyc, p. 454, n. 66.

` L. H. CARLOCK, for plaintiff in error.

L. C. ELY, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a contest between the conditional vendor of a lot of household furnishings and a warehouseman with whom the goods were stored by the conditional vendee. The warehouseman asserts that its lien is superior to the lien of the conditional vendor. The lower courts decided in favor of the warehouseman and the writ of *certiorari* was awarded by this court.

The Uniform Act regulating warehousemen and warehouse receipts was passed in 1909, it being chapter 336 of the Acts of that year. It is conceded that the warehouseman here was "a person lawfully engaged in the business of storing goods for profit" as defined by section 58 of the Act and that being so his rights must be regulated by the provisions of the statute.

Section 27 provides that a warehouseman shall have a lien on goods deposited or on proceeds thereof in his hands for all lawful charges for storage and preservation of the goods, etc.

Subject to the provisions of section 30 of the Act, regulating the lien where a negotiable receipt is issued for the goods, section 28 of the Act provides that a warehouseman's lien may be enforced:

"(1) Against all goods, whenever deposited, belonging to the person who is liable as debtor for the claims in regard to which the lien is asserted; and

"(2) Against all goods belonging to others which have been deposited at any time by the person who is liable as debtor for the claims in regard to which the lien is asserted, if such person had been intrusted with the possession of the goods that a pledge of the same by him at the time of the deposit to one who took the goods in good faith for value would have been valid."

The title of a vendor retained in a written contract, although unregistered, is in Tennessee superior to any right acquired by a purchaser for value and without notice. *Shaw* v. *Webb,* 131 Tenn., 173; *McCombs* v. *Guild,* 77 Tenn. (9 Lea), 81; *Price* v. *Jones,* 40 Tenn. (3 Head), 84.

A pledge of the goods by the conditional vendee in this case, therefore, to one who took them in good faith and for value would not have been valid. Accordingly, under the plain language of the statute, the warehouseman acquired no lien on such goods so deposited with him by this conditional vendee.

This is not a case like *Robinson Bros. Motor Co.* v. *Knight,* 154 Tenn., 631. In that case, this court held that the common-law lien of an artisan in possession to secure payment of his charges for repairs of an automo-

bile was superior to the lien of a conditional vendor of the machine, there being no registration of the contract in which the vendor retained title. The common-law lien of a warehouseman has been superseded in this State and a statutory lien of different scope provided in his favor by chapter 336 of the Acts of 1909. No such statute weakens the common-law lien of an artisan in possession of property upon which he has done work. Subsection 2 of section 28 prescribing the reach of the warehouseman's lien is repugnant to the common-law rule. When there is a conflict between the common law and a statute the provision of the statute must prevail. *Graves* v. *Railroad,* 126 Tenn., 148; *State* v. *Cooper,* 120 Tenn., 549; *Padgett* v. *Ducktown, etc., Iron Co.,* 97 Tenn., 690; *Russell* v. *Colyar,* 51 Tenn. (4 Heisk.), 159; *Moyers* v. *Brown,* 29 Tenn. (10 Humph.), 77.

As noted in *Shaw* v. *Webb, supra,* and *Robinson Bros. Motor Co.* v. *Knight, supra,* a common-law lien as distinguished from a contract or statutory lien, usually attaches to property in possession of the lienor without reference to ownership and overrides all other rights in the property. Some qualification of this rule was suggested in the case last mentioned. So far as the warehouseman's lien is concerned, it can have no such scope, since the passage of chapter 336 of the Acts of 1909.

We see no occasion for a discussion of the question of the implied authority of the conditional vendee herein to store these goods so as to bind the conditional vendor for the warehouseman's charges. He would have no such authority under the statute unless he likewise had implied authority to pledge the goods and the latter proposition cannot be maintained.

The construction we have given section 28 of the Act regulating warehousemen seems to have been accepted in other jurisdictions. To avoid this provision of the statute the California Legislature (Laws of 1919, p. 398), and the Iowa Legislature (Laws of 1927, c. 209), have amended section 28 so as to fix the warehouseman's lien on goods deposited by persons in *legal possession* of the same. We find no decision in point.

The judgment of the Court of Appeals is accordingly reversed and a judgment for the plaintiff will be entered here.