Securities Inv. Co. *v.* Armstrong, Deputy Sheriff, *et al.*

(*Nashville,* December Term, 1934.)

Opinion filed February 23, 1935.

J. H. Doyle, of Nashville, for plaintiff in error.

Albert A. White, of Nashville, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This is a replevin suit brought by the investment company for possession of a car; the investment company being the holder of an unsatisfied conditional sale contract retaining title to the car, the contract purchaser being J. B. Thomas. The car was found by the officer in the physical possession of L. C. Johnson, doing business as Auto Painting & Supply Company, and delivered

to the investment company. The replevin writ ran against Thomas, Johnson, and J. B. Armstrong, deputy sheriff. The defendant Johnson appeared and defended on the trial of the case, denying the asserted right of the investment company, and claiming the right to possession on the ground that he had made repairs on the car to the amount of $99.50, which the record sufficiently shows, and had thereon an artizan's lien, held by this court to be superior to that of the holdler of an unregistered conditional sale contract, of which the artizan was without notice. *Robinson Bros. Motor Co.* v. *Knight,* 154 Tenn., 631, 288 S. W., 725; *Diamond Service Station* v. *Broadway Motor Co.,* 158 Tenn., 258, 12 S. W. (2d), 705; *.Knoxville Outfitting Co.* v. *Knoxville Fireproof Storage Co.,* 160 Tenn., 203, 22 S. W. (2d), 354.

However, it was insisted for the investment company that the common-law lien of Johnson for the repairs made by him had been lost, first, because he had voluntarily parted with the possession of the car and, second, because he had adopted for the enforcement of his lien the remedy of attachment, applicable to the enforcement of the statutory lien held by this court to be inferior or subordinate to the title retention lien under an unregistered conditional sale contract; that this constituted an election of a remedy inconsistent with that provided for the enforcement. of the common-law artizan's lien. The facts relied on to support this contention are these: After the car had been in the possession of Johnson for some four or five weeks and he had completed the repairs, and had been unable to collect from Thomas, who had brought the car to him as its apparent owner, he was induced to permit Thomas to take the car to the Vanderbilt Stadium

on the representation that Mr. Dan McGugin had agreed to become responsible for the indebtedness. The evidence showed that this representation was false and fraudulently made, and, upon this appearing, Johnson had sworn out an attachment and placed the writ in the hands of Armstrong, a deputy sheriff, who had levied the attachment on it and returned it to the possession of Johnson; that, thereafter, advertisement of the sale of the car was posted, and that the writ of replevin in the instant case was issued and under it the possession of the car was taken from Johnson's repair shop and delivered to the investment company.

The trial judge, upon consideration of all the evidence, found that the relinquishment of the possession of the car by Johnson on the false representations of Thomas was not such a parting with the possession as would have the effect of defeating the common-law lien of Johnson; and, further, that there had been no such binding election of an inconsistent remedy as would preclude the assertion by Johnson of his right of possession under his common-law lien.

The Court of Appeals reversed and, while concurring with the trial judge in holding that the relinquishment of the possession of the car to Thomas, under the circumstances shown, did not operate to deprive Johnson of his lien, held that the subsequent adoption by Johnson of the remedy of attachment constituted a binding election of a remedy inconsistent with that provided for the enforcement of the common-law lien. The case is in this court on the petition of Johnson challenging the decree of the Court of Appeals on the ground (1) that the two remedies are not so inconsistent as to

call for application of the doctrine of election, and (2) that, since the facts show beyond dispute that Johnson neither had actual knowledge of the outstanding conditional sale contract, nor of any circumstances which might reasonably be said to have put him on notice thereof, he cannot be held to have exercised an election. In support of this latter proposition, petitioner relies on an exception to the general rule that: "No election will be implied from the acts of the party unless performed with knowledge of his right to elect, and of the facts affecting an intelligent choice." *Alabama Marble & Stone Co.* v. *Chattanooga Marble & Stone Co.* (Tenn. Ch.), 37 S. W., 1004, 1011, 1012. The essentiality of knowledge of the facts is quite generally recognized. In *Grizzard* v. *Fite,* 137 Tenn., 103, 107-109, 191 S. W., 969, 970, L. R. A., 1917D, 652, this court said: "An 'election' is a voluntary act upon the part of the suitor by which he chooses between two or more remedies. In order for the election to be irrevocable, the remedies must be inconsistent, *and the suitor must have full knowledge of the facts and of his rights* and act free from fraud and imposition upon the part of his adversaries. . . . Not every election of remedies is irrevocable, because two or more remedies are often given to redress the same wrong, and are therefore concurrent. . . . But in cases where two or more *inconsistent* remedies are given, *which depend upon inconsistent facts,* and which must result in the suitor assuming a position inconsistent with the position which he must afterwards assume to prosecute the alternative remedy, an election, *deliberately made with full knowledge of the facts* and without fraud or imposition upon the part of his adversary,

works a judicial estoppel whether the adversary has been injured thereby or not.''

We have italicized pertinent language of this opinion, and see 9 R. C. L., 962; 20 C. J., 35, 36.

As already suggested it is undisputed on this record that Johnson had neither constructive nor actual knowledge of this outstanding conditional sale contract. The suggestion is made in the opinion of the Court of Appeals that he made no inquiry. We quote from the opinion of the Court of Appeals the following paragraphs bearing on this particular issue:

''Petitioner Johnson testified at the trial below that he did not know, and had never heard, of a lien on the car in question in favor of the plaintiff, or in favor of anybody, until the replevin writ in this case was executed, which (the record shows) was on the day the car was to be sold pursuant to petitioner's attachment proceeding, but before the sale took place. It does not appear that he made any inquiry of Jess Thomas or any one else, at the time he contracted to make the repairs or thereafter, as to whether or not the car was encumbered with a conditional vendor's lien.

''Petitioner makes no claim to a lack of knowledge of any other fact 'affecting his rights.' Such lack of knowledge would have protected petitioner in the assertion of his common-law lien if he had retained possession of the car, or had repossessed it in some lawful manner after Jess Thomas obtained possession by a fraudulent device; but petitioner elected to waive his right to resume possession of the car, and instead to prosecute an action by attachment to enforce his statutory lien, which, as between him and Jess Thomas, he had a right to do.

"Petitioner was chargeable with knowledge of the law governing in the premises. He must be held to have known that if there was an outstanding lien in favor of a conditional vendor to secure the purchase price of the car or an unpaid balance thereon, such lien was superior to his statutory lien for repairs. *Waterbury* v. *Netherland*, 6 Heisk., 512."

We are unable to concur in this view. It is, of course, true that "petitioner was chargeable with the knowledge of the law governing in the premises," but he is not chargeable with essential facts of which he had no knowledge whatever; facts essential to his exercise of an intelligent choice in the selection of his remedy. It clearly appears that Johnson had never heard that a conditional sale contract was in existence or that any title or lien of any nature was outstanding in favor of the investment company, or any other party, until service upon him of the writ of replevin in this case. We are unable to see that it was his duty to institute an inquiry, make a search without a clue, before selecting his remedy. Under this state of facts, he cannot be held to have exercised an election of an inconsistent remedy.

It is said for the investment company that Johnson knew when he sued out his attachment that he had two remedies, and that so knowing he elected to use the one; that he knew of the limitations upon his rights involved in this choice, should it develop that a superior lien on the car was in existence. But this knowledge is not sufficient to support application of the rule of election of remedies. Of course, one must know that there are two legal remedies available to him before he can make an election at all, but before his making of a

*selection* can be held to bind him under the doctrine of *election* he must also know the facts and circumstances bearing upon his choice; in this case the fact of an outstanding title, which would naturally and reasonably affect his choice.

Having reached the conclusion indicated, we find it unnecessary to discuss or pass upon the question of whether or not proceeding by attachment constitutes a binding election of a remedy so inconsistent with that provided by law for the enforcement of the artizan's common-law (see Code, sections 7984-7988) lien as to preclude subsequent enforcement of that lien.

It is argued that, in the state of this record, possession may not be awarded to Johnson, the common-law lienor, but must be restored to the deputy sheriff, Armstrong, who had it under attachment when replevined. In the first place, Johnson is a defendant, named in the replevin writ and described as in wrongful possession of the car. In the second place, the proof is that the car was in his actual, physical possession at the time; and, moreover, the deputy sheriff was the nominal, rather than the real, defendant, acting and holding for Johnson. Formal substitution of Johnson, the real party in interest, for Armstrong, the attaching officer, was unnecessary, in view of the fact that Johnson had been joined as a defendant in the replevin suit brought by the investment company and was before the court, and it was within the jurisdictional power of the court to treat him as the real defendant and mould the judgment according to the facts and applicable law, "to meet the exigencies of the case." Code, sections 8773, 8832. We see no error in the judgment of the trial court, in sub-

stance awarding the possession of the car to Johnson, unless the investment company satisfies the lien claim of Johnson, the amount of which does not appear to have been seriously disputed. The judgment of the Court of Appeals is reversed, and that of the circuit court affirmed.