POWELL *v.* PACIFIC FINANCE CORPORATION.

4-9141                                   227 S. W. 2d 965

Opinion delivered March 20, 1950.

*Lyle Brown*, for appellant.

*Graves & Graves,* for appellee.

DUNAWAY, J. This is an appeal from the trial court's holding that appellant's statutory lien for repairs to an automobile is subordinate to the vendor's lien claimed by appellee, as assignee of the conditional sales contract of the seller of the car.

On October 20, 1948, Reed's Used Car Exchange sold to James H. Williams an automobile under a contract of conditional sale, whereby Williams took pos-

session of the car and title remained in the vendor until the balance due was paid in full. This contract was immediately assigned to Pacific Finance Corporation, appellee herein, by the seller.

Williams delivered the car to appellant, Earl Powell, Jr., an automobile repairman, on February 26, 1949, and had repair work done totaling $399.75. On Williams' failure to pay this bill, appellant filed an automobile repairman's lien on April 5, 1949. He then filed an action to enforce his lien on June 5, 1949. Appellee thereafter instituted suit to recover the car from appellant, claiming a superior lien by reason of the assignment to it of the title-retaining contract of the vendor.

The case was submitted to the court upon the pleadings and an agreed statement of facts, a jury having been waived. The trial court held that appellee had a superior lien, and the repairman has appealed.

Appellant's claim is based upon Ark. Stats. (1947) § 51-404 which provides: "All . . . automobile repairmen, firms and corporations, who perform or have performed work or labor for any person, or furnished any materials for the repair of any vehicle, . . . , if unpaid for same, shall have an absolute lien upon the product of their labor and upon all such . . . automobiles . . . for the sums of money due for such work and labor, and for materials furnished by them . . . ". It is conceded by appellant that Ark. Stats. (1947) § 51-412 gives the vendor of an automobile who retains title therein a lien superior to the statutory lien given repairmen by Ark. Stats. (1947) § 51-404. The pertinent part of § 51-412 reads as follows: ". . . provided, that the lien herein provided for (repairmen's lien) shall be subject to the lien of a vendor of automobiles, trucks, tractors and all other motor propelling conveyances retaining title therein, for any claim for balance of purchase money due thereon; . . . ". Appellant argues that this section gives priority of lien only to the vendor himself, and not to the transferee of a vendor's title-retaining contract.

The trial court properly held that the appellee was vested with the rights of the conditional vendor and that its lien was superior to that of appellant. In the absence of any express language in the statute to the contrary, it is generally held that the assignee of a conditional vendor of an automobile may enforce the lien of the vendor as against a repairman's lien just as the seller himself could. See *General Motors Acceptance Corp.* v. *Sutherland,* 122 Neb. 720, 241 N. W. 281; *Shaw* v. *Webb,* 131 Tenn. 173, 174 S. W. 273, L. R. A. 1915D, 1141, Ann. Cas. 1916A, 626.

The judgment is affirmed.