GOFF-MCNAIR MOTOR COMPANY, INC. *v.* PHILLIPS
MOTOR COMPANY, INC.

5-994                                    294 S. W. 2d 342

Opinion delivered October 8, 1956.

[Rehearing denied November 12, 1956.]

*Rex W. Perkins* and *E. J. Ball,* for appellant.

*Price Dickson* and *W. B. Putman,* for appellee.

ED. F. MCFADDIN, Associate Justice. This is a contest as to priority between (a) the holder of a retained

title on a motor vehicle and (b) a mechanic who worked on the vehicle. The controversy involves the effect of § 75-160 and § 75-161 Ark. Stats. on § 51-412 Ark. Stats.

In 1953 Goff-McNair Motor Company, Inc. (hereinafter called "Goff-McNair") sold an automobile to Tom Laney and duly retained title[1] for the unpaid purchase money. The car was damaged in a collision in January, 1954 and Laney had Phillips Motor Company, Inc. (hereinafter called "Phillips") make necessary repairs to the extent of $135.92, which is the lien claim of Phillips. On February 11, 1954, Laney obtained possession of the car without Phillips' knowledge or consent; and on February 17, 1954, Phillips filed its mechanic's lien claim in the Circuit Clerk's Office, in accordance with § 51-401 et seq. Ark. Stats. A few days later, Goff-McNair — under its title contract — repossessed[2] the car from Laney for the delinquent balance of $480.44 due on the title retaining contract. Phillips filed suit in the Chancery Court to enforce its mechanic's lien, which it claimed to be superior to the title retaining contract held by Goff-McNair. The Chancery Court decided for Phillips; and the case is here on appeal.

We conclude that the holding of the learned Chancery Court was erroneous because it failed to give full effect to § 51-412 Ark. Stats. and our holdings in the cases of *Powell* v. *Pacific Finance Corp.*, 216 Ark. 884, 227 S. W. 2d 965; and *Terrell* v. *Loomis*, 218 Ark. 296, 235 S. W. 2d 961. The said Statute and cases definitely state that the rights of the holder of a retained title (as was Goff-McNair in the case at bar) are superior to the rights of the one (as Phillips here) claiming under the mechanic's lien law.

To overcome the aforesaid Statute and cases, the appellee says: (a) that possession was wrongfully obtained from Phillips so that the case is to be determined as if

---

[1] It is not claimed that Goff-McNair initially failed to duly retain title to the car.

[2] The repossession was by a finance company then holding the title contract and note, but the finance company delivered the note, contract and car to Goff-McNair on being compensated for the note.

Phillips still had possession of the car; and (b) that Phillips' possession makes such rights superior to those of Goff-McNair because of § 75-160 *et seq.*[3] Ark. Stats.

Regardless of the first contention of Phillips, we conclude that Phillips is in error in its second contention. Section 75-160 Ark. Stats. is a portion of Act No. 142 of 1949, which is an Act relating to motor vehicles and providing, *inter alia,* for the issuance of certificates of title thereto. It is not an Act creating new liens for mechanics; but rather prescribing how rights and titles might be protected by possession or filing for recordation. The language in Sections 75-160 and 75-161, relating to "possession" was to show how liens could be preserved, and was not to create new liens by mere possession. Even if Phillips had all the time retained possession of the car, we conclude that the title of Goff-McNair under § 51-412 Ark. Stats. would be superior to Phillips' mechanic's lien. The cases of *Powell* v. *Pacific Finance Co.* and *Terrell* v. *Loomis (supra)* support this conclusion.

The decree of the Chancery Court is reversed and the cause is remanded, with directions to enter a decree in favor of Goff-McNair.

---

[3] The pertinent language of § 75-161 Ark. Stats. is: ". . . except such liens . . . as may be authorized by law dependent upon possession. . . ."