## THOS. E. TURNER et al., v. SUPERIOR TIRE SERVICE.

Western Section.   February 9, 1929.

Petition for Certiorari denied by Supreme Court, May 27, 1929.

Cantrell, Meacham & Moon and John W. Dineen, of Chattanooga, for plaintiff in error.

W. M. Hughes, of Chattanooga, for defendant in error.

HEISKELL, J.   The Superior Tire Service, sued Thos. E. Turner and F. W. Davis in replevin before a Justice of the Peace, for the possession of four automobile tires.   The magistrate rendered judgment for the defendants and plaintiff appealed to the circuit court where the case was tried without a jury and judgment rendered in favor of plaintiff for possession of said tires.   Defendant, F. W. Davis, has appealed and assigned errors.

There is no controversy as to the facts.   Prior to October 1, 1927, Thomas E. Turner obtained possession of a Buick touring car from Clifford Smith, on an agreement to purchase said car.   While in his possession, under the terms of the agreement, it became necessary to replace the tires on said car in order to operate it.

On October 1, 1927, Thomas E. Turner purchased from the Superior Tire Service four automobile tires, which were placed on the automobile by said Superior Tire Service.   The Superior Tire Service retained title, in writing executed by Turner, to these tires until the purchase price should be paid in full.   The conditional sales contract described the property as follows:

"4 32x4 Superior Automobile Tires serial numbers 844634, 845792, 797930, 797947, respectively." Each Superior tire carries a different serial number.

The conditional sales contract carries the following provision: "I especially contract that said tires shall not become accessions to any automobile."

Turner failed to purchase the car, and later returned it to Clifford Smith, the owner, from whom he had agreed to purchase, with the new tires on it.

Smith was not a party to the contract for the purchase of the new tires. The plaintiff, Superior Tire Service, at the time the tires were sold, understood that the car belonged to Turner.

At the time of the sale of these tires the Chattanooga Finance Corporation held, and still holds, a conditional sales contract against the car, executed by Smith, to secure the purchase price of the car.

Subsequent to the return of the car to Clifford Smith by Turner, Smith sold the car, with the tires on it, to the defendant, F. W. Davis. Davis assumed the payment of the unpaid balance due the Chattanooga Finance Corporation, but did not know of any claim against the tires, and was not informed that the Superior Tire Service had any claim against the tires by retention title contract, or otherwise.

About two months later the plaintiff replevined the tires from Davis and removed them from the car.

The assignments of error are as follows:

I.

Because there is no evidence to sustain the judgment of the court.

II.

In holding that the tires placed on the automobile purchased by the defendant did not become accessions thereto.

III.

In holding that the plaintiff's title retention contract is valid as against the defendant.

The assignments need not be considered separately. They raise but one question and that is whether or not an automobile tire becomes an accession to an automobile when the title to the tire is retained at the time it is placed upon the car.

It is well settled that if title to the tire is not retained, it becomes an accession and goes with the car wherever the title may be at the time. Blackwood Tire & Vulcanizing Co. v. Auto Storage Co., 133 Tenn., 519,

There is no controversy between counsel thus far, but counsel for plaintiff insists that the retention of title by plaintiff gives the right to take possession of the tires as against any one even though he be an innocent purchaser. The contention is that just as the seller of an automobile who retains title can repossess the car from an innocent purchaser, so one who sells tires and places them on a car retaining title to the tires can claim them against any one into whose ownership or possession the car may come.

Only one case is cited to support this contention and counsel for plaintiff admits that no other case has been found. The case relied on is Clark v. Wells, 45 Vermont, 4.

In Tire & Vulcanizing Co. v. Auto Storage Co., 133 Tenn., at page 519, after citing cases to sustain the rule laid down in that case, the court says:

"The case of Clark v. Wells, 45 Vt., 4, 12 Am. Rep., 187, while apparently out of harmony with the underlying principle of the foregoing cases, is, upon attentive examination, found not to be so. In that case it was held that where one, at the instance of the bailee, put new wheels and axles on a stage wagon, taking the bailee's notes for the repairs under an agreement that until payment the repairs furnished should remain the property of the repairer, and, before payment, the owner of the wagon retook it into his possession and sold it to a third person, the repairer might maintain trover against the purchaser for the wheels and axles. While it was said in the opinion that, unlike bolts and thrills, the repairs furnished did not become accessions to the principal chattel, yet the court further placed its decision on the ground that the repairer had retained title to the said wheels and axles. The statement of facts in the present case shows that the title to the tire casings was not retained by the Blackwood Tire & Vulcanizing Company. The case just referred to therefore does not impugn the general principle that repairs made by a mortgagor, or at his instance, will inure to the benefit of the mortgagee. We are not to be understood as approving Clark v. Wells, nor do we criticize it. The point as to the retention of title to repairs placed on an article of personal property does not arise in the case before us, and therefore we do not pass on it."

Counsel for plaintiff in error contends that Clark v. Wells has not been cited with approval in any other state. That under the Vermont law the property to which title was retained, remained the property of the repairer and he might retake possession of it wherever he could find it, whereas in Tennessee the title does pass to the purchaser and the retention of title contract merely

constitutes a lien against the property. We see nothing in the Vermont case to indicate a difference between the law of that state and the law of Tennessee in regard to conditional sale contracts. and we are referred to nothing showing such difference. The 133 Tennessee case does not mention any such difference between the law of the two states and no such distinction is referred to in any of the citations of the Vermont case.

We find two cases in which the case of Clark v. Wells, 45 Vt. 4, is cited with approval by courts of other states: Hallman v. Dothan Foundry & Machine Co., 82 So., 642, 17 Ala. App., 152. Clarke v. Johnson. 187 Pac., 510, 43 Nev. 359.

The first of these involved a form-a-truck attachment to a mortgaged Ford chassis. The party who supplied the addition took a mortgage on the attachment which was fastened to the chassis by bolts and nuts. The court held that he could hold the attachment against the mortgagee of the chassis.

In the Nevada case, Clarke v. Johnson, The Leach Frawley Motor Co. of San Francisco sold Julius Johnson two trucks under conditional sale contract. Without notice to the seller. Johnson moved the trucks to Nevada, as the court held, with fraudulent intent. In Nevada Johnson made a contract to do hauling in connection with Crumley with the agreement that Crumley should be reimbursed for repairs, tires. etc. put on the trucks. The Motor Company traced and seized the trucks under conditional sale contract and Crumley claimed for repairs and tires. The court refused the claim for repairs but citing the Vermont case of Clark v. Wells, allowed him for the tires on the ground that they were severable and that by virtue of the agreement with Johnson, remained the property of Crumley and did not become a part of the truck under the doctrine of accessions.

We find the Vermont case cited also in 1 Ruling Case Law, page 119; 1 Corpus Juris, p. 384; 1 Blashfield on Automobiles, p. 2414.

In view of these authorities as well as upon principle, we see no reason why the plaintiff in the present case should not recover. Tires are easily separated and detached from an automobile. No one can attempt to investigate the title to a car. They are often held subject to a conditional sale contract and unless new tires can be furnished under a conditional sale contract, which is good against any one, it would in many cases be unsafe to furnish them except for cash. We see no reason why the conditional sale contract taken by the furnisher of the tires should not be enforceable against the tires irrespective of the ownership or possession of the car, and without regard to notice. This is the ordinary effect of a title retention contract. Without registration it is equivalent to a regis-

tered mortgage, and holds the property without notice to a subsequent possessor.

Where the bailee of a car or the mortgagor or the purchaser under a conditional sale contract, has new tires put upon the car and pays for them or procures them entirely on his personal credit, the presumption is that he intended the tires to become an integral part of the car, and they become so under the doctrine of accession, but this is not so when the furnisher retains title to the tires or takes a mortgage on them.

The assignments of error are overruled and the judgment of the court below is affirmed. Plaintiff in error and surety on appeal bond will pay the costs of appeal.

Owen and Senter, JJ., concur.