LENOIR LAND COMPANY, INC., PLAINTIFF IN ERROR, *v.* HAYNES HEATING COMPANY, DEFENDANT IN ERROR.

(*Knoxville,* September Term, 1933.)

Opinion filed October 21, 1933.

W. HARRIS ROBINSON, for plaintiff in error.

POORE, TESTERMAN & BURNETT, for defendant in error.

MR. JUSTICE McKINNEY, delivered the opinion of the Court.

This is a replevin suit involving the right of possession of one Sunbeam warm air furnace of the value of $125.

The facts were stipulated. The trial court found for the Haynes Heating Company.

On October 3, 1930, the Haynes Heating Company sold this furnace to Dr. Willis Fritz on a conditional sales contract, under the terms of which it was to be installed in his residence in Knoxville, and the installation was complete on January 15, 1931. The consideration was $270, $20 cash, and $20 per month until purchase price was paid in full.

With respect to the manner of installation, we quote from the stipulation as follows:

"The furnace was set upon the basement floor, and not attached thereto. Registers were installed in various rooms and connected to the furnace by means of a large tin pipe which fitted into the bottom of the register pan. This pipe could be removed from the bottom of the pan by simply pulling the pipe out. The pipe was covered with asbestos paper. When the furnace was removed, the registers and pans were left affixed to the floors of the house. The furnace was dismantled when removed, causing no other damage to the realty."

The contract contains this clause:

"It is further expressly agreed that all of the aforesaid property is to be and remain personal property, notwithstanding any attachment thereof to real estate, and that the title to, and ownership of, said property and the right of possession in event of any default shall be and remain in the contractor until the purchase price is fully paid with interest."

The purchaser having defaulted, this suit was instituted, to which the Land Company was made a defendant.

In 1927 Dr. Fritz executed a mortgage on his home in favor of the Land Company. The mortgage was not recorded until January 16, 1931, the day after the installation of said furnace was completed. The Heating Company had no actual notice of the mortgage until it instituted this suit. Before the suit was instituted, upon default, said mortgage was foreclosed and the property bought in by the Land Company.

The furnace having been installed several years after the mortgage was executed, it constituted no portion of the security of the Land Company. The Land Company paid no portion of the consideration due the Heating Company, but relies solely upon the proposition that the furnace became a part of the realty and could not be removed. Ordinarily such a plant does constitute a part of the realty, since it is of a permanent character, and as to a subsequent mortgagee or an innocent purchaser it cannot be removed. *Knoxville Gas Co.* v. *Kirby & Sons,* 161 Tenn., 490.

As between the original parties, counsel for both sides concede that the intention is the controlling factor. There can be no doubt but that the Heating Company, in so far as Dr. Fritts is concerned, would have the right of removal. Since the Land Company is neither a subsequent mortgagee nor an innocent purchaser, and has suffered no loss or injury by the removal of the furnace, it would seem that from a just and an equitable standpoint the Heating Company has the superior claim.

In 26 Corpus Juris, 684, it is said:

"An agreement that an article or structure attached to the realty shall be removable or shall remain personalty, whether expressed, or merely implied from the making of a chattel mortgage thereon, the conditional char-

acter of a sale thereof, or its annexation under license, is ordinarily given full effect as against a mortgage of the realty made previous to annexation, in so far as this will not interfere with the security of such mortgage, the mortgagee not having been misled and having advanced nothing on the faith of such annexation, it being occasionally said, more particularly with reference to a claim under a chattel mortgage, as against the subsequent realty mortgage, that the rights of the parties should be adjusted on equitable principles, with a view to the theory that a mortgage attaches only to such interest in the article as the mortgagor acquired, and that this intere t is limited by the existence of the chattel mortgage.''

This rule would not apply where a removal of the fixture would cause serious injury to the freehold. From the stipulation herein, it would appear that the removal of this furnace would be no more injurious to the freehold than the removal of any ordinary heating stove connected to a flue by a pipe would be.

There is no error in the judgment of the trial court, and it will be affirmed.