MEMPHIS BANK & TRUST CO. *v.* WARE *et al.*

(*Jackson,* April Term, 1953.)

Opinion filed July 17, 1953.

ERIC BABENDREER and ROBERT E. JOYNER, both of Memphis, for plaintiff.

W. ROBERT MARTIN, of Memphis, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a replevin suit involving possession of an automobile. The Circuit Judge, without a jury, found for the defendant Ware Motors. The Court of Appeals reversed, holding that plaintiff bank was entitled to possession of the car.

The case involves the construction of certain provisions of Chapter 70, Acts of 1951, carried into Williams' Tennessee Code, Cumulative Supplement, Sections 5538.101 through 5538.197. This is a long and complicated statute, referred to as the Tennessee Motor Vehicle Title and Registration Law; providing for the issuance and transfer of certificates of title to motor vehicles, the manner in which title shall be transferred and liens perfected.

One Baxley was the owner of the car at the time unencumbered. He went to the bank, showed his application for a title certificate and bill of sale, and obtained a loan of $740, payable in monthly installments of $49.36. At the time, he executed a chattel mortgage in duplicate to secure the loan. He also executed a notice of the bank's lien on a form prescribed by the Motor Vehicle Department. The bank then forwarded one of the duplicate originals of the chattel mortgage and the sworn proof of lien executed by Baxley to the Motor Vehicle Department. The filing was duly noted on the reverse side of the chattel mortgage and some weeks later a certificate of title was duly issued by the department to Baxley, with the lien of the bank duly noted thereon, as of the date of the filing of said notice of the lien and chattel mortgage. This certificate was mailed to the bank as the first and only lienholder. Baxley paid the first installment on the loan on October 9, 1951, but made no

more payments. The bank elected to declare the entire balance due as provided in the chattel mortgage.

On October 18, 1951, Baxley sold the automobile to the defendants. This sale was without the bank's knowledge and apparently without notifying the defendants of the bank's lien. The defendants apparently relied solely on a copy of the bill of sale which Baxley had showing the sale of the car to him and on the application of the certificate of title which carried the statement that there were no liens on the vehicle.

This was more than two months after the bank had registered its chattel mortgage with the department at Nashville, as required by the Act.

It might be stated here that this Act undertakes to provide the exclusive method of registration of chattel mortgages on automotive vehicles. So, it can be seen that the question comes down to what is the legal effect of the application for the title certificate. Nowhere in the Act does it appear that there is any such thing as a temporary certificate of title. Evidently, the trial judge was of the opinion that the bank should have made some notation on the application showing its lien on the vehicle and not simply to turn the application back to him unnoted. The Court of Appeals came to the conclusion that the application had nothing in fact to do with the title certificate but simply gave the owner the permission to drive the car temporarily, not exceeding one hundred twenty days under the statute within which to issue or refuse to issue the title certificate.

It appears that the defendants made no effort to ascertain the existence of the lien of the plaintiff by making inquiry to the Department of Motor Vehicles in Nashville.

We have carefully read the various sections of the statute and we are of the opinion that the Court of Ap-

peals came to the correct conclusion—that is, that there is nothing in the Act that would require the bank to make a notation of its lien on the owner's application for a title certificate. That institution had fully complied with the various sections of the Act above referred to.

. This is the first time this question has been before us but this Court in the recent case of *City Finance Co.* v. *Perry,* 195 Tenn. 81, 257 S. W. (2d) 1, held that where the holder of a chattel mortgage had fully complied with the Act in question and thereafter in a controversy between the holder of the chattel mortgage and lien for repairs, the chattel mortgage was superior. We are of the opinion that in the present case, the temporary certificate or application for certificate simply gave the owner the permission to drive the car temporarily, not exceeding one hundred twenty days under the statute, until the Department of Motor Vehicles could decide whether to issue or refuse to issue the title certificate.

It results that we find no error in the judgment of the Court of Appeals holding that the bank had a superior claim to Ware Motors, and the judgment of that Court must be affirmed.