FREE SERVICE TIRE COMPANY, Defendant in Error, v. MANUFACTURERS ACCEPTANCE CORPORATION, Plaintiff in Error.—277 S. W. (2d) 897.

Eastern Section.   November 16, 1954.

Petition for Certiorari denied April 16, 1955.

Thomas E. Mitchell and D. M. Guinn, both of Johnson City, for plaintiff-in-error.

Greene & Brandt and Jesse D. Worley, all of Johnson City, for defendant-in-error.

HALE, J. The question before us is this: Is a conditional vendor of automobile *tires* required to register his claim under the Motor Vehicle and Traffic Law, Chapter 70, Public Acts of 1951, Willams' Code Supplement, Section 5538.101 et seq. in order to assert his claim?

This is a contest between the Free Service Tire Company, the plaintiff below, and the Manufacturers Acceptance Corporation, defendant below, and involves their rights under conditional sales contracts they held against Ted Wishon.

On June 11, 1952, Wishon purchased an automobile from Courtney Motor Company and executed title retention contract and note therefor, which was assigned to the Manufacturers Acceptance Corporation, and which was duly filed with the Division of Motor Vehicles under the aforesaid act.

The tires on this automobile were utterly worthless, so on the following day, June 12th, Wishon purchased four new tires and tubes from the Free Service Tire Company at a cost of $118.84 and executed title retention contract

therefor which gives the serial number of these casings. They were installed on the car and the old tires taken to the dump. This was done without knowledge of the Acceptance Corporation, and the Tire Company when it furnished these accessories had good reason to believe that Wishon was only a conditional vendee.

Wishon defaulted on his obligation, and on or about September 10, 1952, he voluntarily surrendered his automobile to the Acceptance Corporation to be sold under the title retention contract as provided by Code Section 7286 et seq. He informed the Acceptance Corporation of the claim of the Tire Company, and the weight of the testimony is that the representative of the Acceptance Corporation stated he would "work out something" with the Tire Company regarding its rights. However, no agreement was reached, and the car was sold on September 18th and was bid in by the Acceptance Corporation.

Prior to this, the Tire Company had obtained a replevin warrant for the tires, but did not have it executed in view of the statement that something would be worked out regarding its rights.

Being unable to arrive at a settlement, the Tire Company then sued for conversion of these accessories under the authority of Broadway Furniture Co. v. Bates, 170 Tenn. 36, 91 S. W. (2d) 300. The evidence showed the tires and tubes to have been worth $70 at the time of the alleged conversion, and the trial judge rendered judgment for this amount.

A motion for a new trial was duly made, and overruled, and the defendant prayed for, was granted, and perfected its appeal. Its insistence is that the aforesaid Motor Vehicle and Title Law, Chapter 70, Acts of 1951, provided the sole and exclusive method by which a conditional vendor of automobile accessories could protect its rights

when such accessories had become attached to the automobile.

This identical question was presented in the case of Turner v. Superior Tire Service, 1929, 9 Tenn. App. 597, in which Judge Heiskell after referring to the leading case of Clark v. Wells, 45 Vt. 4, 12 Am. Rep. 187, as well as other authorities, said:

"In view of these authorities as well as upon principle we see no reason why the plaintiff in the present case should not recover. Tires are easily separated and detached from an automobile. No one can attempt to investigate the title to a car. They are often held subject to a conditional sale contract and unless new tires can be furnished under a conditional sale contract which is good against any one, it would in many cases be unsafe to furnish them except for cash. We see no reason why the conditional sale contract taken by the furnisher of the tires should not be enforceable against the tires irrespective of the ownership or possession of the car, and without regard to notice. This is the ordinary effect of a title retention contract. Without registration it is equivalent to a registered mortgage, and holds the property without notice to a subsequent possessor."

The Acceptance Corporation puts much stress on this sentence from the foregoing quotation: "No one can attempt to investigate the title to a car", from which it is argued that the Act of 1951 was passed to meet this very situation. This is granted, but does this change the law with relation to accessories?

Under this act, liens, encumbrances, or title retention contracts against the automobile must be noted upon the certificate of title. However, the claim of the

Tire Company is not against the automobile but only against these tires. If it were against the automobile, then under this act and the authorities of City. Finance Co. v. Perry, 195 Tenn. 81, 257 S. W. (2d) 1, 36 A. L. R. (2d) 224, and Memphis Bank & Trust Co. v. Ware, 195 Tenn. 423, 260 S. W. (2d) 162, its claim would be barred.

Before it could be said that these tires could come under this act we would have to find that they became a component part of the automobile and incapable of separation without material injury to the car.

It was very aptly said in Motor Credit Co. v. Smith, 181 Ark. 127, 24 S. W. (2d) 974, 975, 68 A. L. R. 1239 at page 1241:

"Where such accessories become a component part of the chattel, and so incorporated as to be incapable of separation without injury to the whole, they merge in the principal thing, and become the property of the owner. It might be said that ordinarily casings would become component parts of an automobile to which they are attached, where the rights of third persons do not intervene, and the cases cited by the appellant appear to support that view."

In the annotation to that case are many citations to sustain this statement, including that of Clark v. Wells, mentioned in the 9 Tenn. case before quoted.

In Blashfield's Cyclopedia of Automobile Law, Vol. 7, Sec. 4574, page 474, it is said:

"When, however, title is retained by one selling tires or parts to the conditional buyer of an automobile and they can be detached without injury to the remaining parts of the automobile, the seller of such parts will be entitled, prior to payment therefor, to re-

claim them as against the conditional seller of the car repossessing it for default of the buyer.''

In the blackface portion of 1 C. J. S., Accession, Sec. 4, subsec. (b), page 415, it is said:

"With some authority to the contrary, title to de- tachable accessories placed upon property conditionally sold or mortgaged passes to the conditional seller or mortgagee of the principal property by accession, *unless title to the accessories is retained by a third person.*" (Italics supplied.)

And in the text, at page 417, it is said:

"Automobile Accessories. In recent years the inapplicability of the principle of accession has been decided in several cases involving the rights of a conditional seller or chattel mortgagee of an automobile as against the conditional seller or chattel mortgagee of automobile accessories.''

A somewhat analogous case is that of Lenoir Land Co. v. Haynes Heating Co., 166 Tenn. 494, 63 S. W. (2d) 659. A Dr. Fritz had placed a mortgage upon his home. Thereafter he installed a warm air furnace under a conditional sale contract. The mortgage was foreclosed and a contest developed over the ownership of the furnace. It was pointed out that the removal of this furnace would cause no more injury than the removal of an ordinary heating stove, and it was held:

"Since the land company is neither a subsequent mortgagee nor an innocent purchaser, and has suffered no loss or injury by the removal of the furnace, it would seem that from a just and equitable standpoint the heating company has the superior claim.''

The assignments of error are overruled and the judg-

ment below affirmed, with interest and cost against the Manufacturers Acceptance Corporation and the sureties upon its appeal bond.

Affirmed.

McAmis, P. J., and Howard, J., concur.