MANUFACTURERS ACCEPTANCE CORPORATION,
Plaintiff in Error,

*v.*

EDWARD GIBSON, et al., Defendants in Error.

422 S.W.2d 435.

(*Knoxville,* September Term, 1967.)

Opinion filed December 15, 1967.

L. B. BOLT, JR., Knoxville, for plaintiff in error.

CHARLES HYATT BROWN, Knoxville, for defendants in error.

Mr. Justice Creson delivered the opinion of the Court.

This is an appeal from the Circuit Court of Knox County. It comes directly to this Court upon stipulation of facts, in accordance with T.C.A. sec. 16-408.

The plaintiff in error, Manufacturers Acceptance Corporation, is a Delaware corporation, with an office and place of business in Knoxville, Tennessee. It is engaged, primarily, in the financing of automobile paper. It will be referred to, hereinafter, as M.A.C.

Defendant in error, Edward Gibson, is the owner of the subject matter of this suit, a 1962 Pontiac. For the purpose of this appeal, he is a nominal party.

Defendant in error, Alert Automatic Transmission Service, Inc., is a Tennessee Corporation, with an office and principal place of business in Knoxville, Tennessee. It is engaged, primarily, in the repair of automobiles. It will be referred to, hereinafter, as Alert.

The facts of this case are stipulated and may be summarized. On March 29, 1966, Edward Gibson purchased a 1962 Pontiac from Parkway Motor Sales, a used-car dealer in Knoxville, Tennessee. He made a down-payment of $600.00, and executed a conditional sales agreement which provided for 30 monthly installments of $62.40, to cover the $1,872.00 remainder of the purchase price. On the day of the sale, the used-car dealer negotiated the conditional sales contract and promissory note

to M.A.C. In compliance with the Motor Vehicle Title Law, M.A.C. made application to the Motor Vehicle Division, Department of Safety, State of Tennessee, for a certificate of title. A certificate of title was issued as of the effective date of purchase, listing M.A.C. as first lien holder.

In September, 1966, Gibson delivered the car to Alert for certain repair work. Alert refused to extend credit to Gibson, and stated they would only do the work for cash. Thereafter, with actual knowledge of the lien of M.A.C., Alert performed repair work on the automobile in the amount of $234.00. Gibson failed to pay Alert for the work done and they asserted a common law lien on the Pontiac for the amount of the repair bill. Later, Gibson became in default on his payments to M.A.C. Finding that Alert was in possession of the car, M.A.C. initiated this case by suing out a replevin writ from the Court of General Sessions, Knox County, Tennessee.

The case was heard before the Honorable T. Edward Cole, Circuit Judge of Knox County, Tennessee. Judge Cole wrote an excellent memorandum opinion. Judgment was for the defendants in error, Gibson and Alert.

The sole and only issue prescribed on this appeal is the question of the priority of liens upon a motor vehicle as between (1) the common law possessory lien of an artisan, and (2) the prior perfected security interest of the finance company. To fully understand the purport of this issue, it is proper to briefly advert to the history of the common law possessory lien on chattels, with special reference to the subject of priorities.

Originally, an artisan's lien on chattels retained in his possession was superior to a lien of retained title, unless

the artisan had knowledge of the prior lien. *Robinson Bros. Motor Co. v. Knight* (1926) 154 Tenn. 631, 288 S.W. 725. The passage of the Motor Vehicle Title and Registration Law of 1951 altered this concept. *City Finance Co. v. Perry* (1953) 195 Tenn. 81, 257 S.W.2d 1, 36 A.L.R.2d 224, interpreted this Act to mean that when filing of the title certificate was had with the Motor Vehicle Division of the Tennessee Department of Safety, and a notation of a lien or encumbrance was placed upon the certificate, constructive notice of this lien or encumbrance was imposed upon subsequent purchasers or lienors. That case specifically held that a lien on an automobile duly recorded upon the title certificate took priority over a subsequent possessory lien of an artisan.

The law was again settled until the passage of the Uniform Commercial Code by the Tennessee Legislature in 1963. That Code repealed the prior statutes governing conditional sales and chattel mortgages. Motor vehicles fall within the coverage of the Uniform Commercial Code, but are accorded special provisions regarding the type of filing required to perfect a security interest thereon. T.C.A. sec. 47-9-302(3) (b).

The subject of priority of liens is specifically covered by T.C.A. sec. 47-9-310, which provides as follows:

*"Priority of certain liens arising by operation of law.* —When a person in the ordinary course of his business, furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise. (Acts 1963, ch. 81, sec. 1 (9-310)."

The language of T.C.A. sec. 47-9-310 is clear and unambiguous but, if interpretation be needed, we can turn to the comments to the official text as compiled by the American Law Institute and the National Conference of Commissioners on Uniform State Laws:

"2. Apart from the Uniform Trust Receipts Act which had a section similar to this one, there was generally no specific statutory rules as to priority between security devices and liens for services or materials. Under chattel mortgage or conditional sales law many decisions made the priority of such liens turn on whether the secured party did or did not have 'title'. *This Section changes such rules and makes the lien for services or materials prior in all cases where they are furnished in the ordinary course of the lienor's business and the goods involved are in the lienor's possession.* Some of the statutes creating such liens expressly make the lien subordinate to a prior security interest. This Section does not repeal such statutory provisions. If the statute creating the lien is silent, even though it has been construed by decision to make the lien subordinate to the security interest, this Section provides a rule of interpretation that the lien should take priority over the security interest." (Emphasis added.)

It is obvious that the draftsmen of this section adopted the view that claims arising from work intended to enhance or preserve the value of the collateral would take priority over an earlier security interest, even though perfected, and even though the artisan's services or materials were furnished without the knowledge or approval of the secured party. See Spivack, Secured Transactions Practice Handbook, 115 (1963).

The language of the statute, so far as critical here, makes it clear that an artisan's lien has priority: (1) when based upon the common law, and (2) when based upon a statute which does not expressly provide for its subordination. The subsequent artisan's lien is subordinate only when it is created by statute; and the statute expressly declares it to be subordinate. Other jurisdictions which have been confronted with this question are in accord. See *Westlake Finance Co. v. Spearmon* (1965) 64 Ill.App.2d 342, 213 N.E.2d 80; *Corbin Deposit Bank v. King* (1964 Ky.) 384 S.W.2d 302; *Commerce Acceptance of Oklahoma City, Inc. v. Press* (Okl.1967) 428 P.2d 213.

M.A.C. cites two Ohio Supreme Court cases, which take a contra view. *Commonwealth Loan Co. v. Berry* (1965) 2 Ohio St.2d 169, 207 N.E.2d 545; *Snyder v. Ryan* (1965) 2 Ohio St. 2d 171, 207 N.E.2d 547. In those cases, the Ohio Supreme Court reached the conclusion that the Uniform Commercial Code did not alter the prior rules in Ohio; and, further that a lien noted upon a certificate of title of a motor vehicle prevails over other liens. We do not agree with these decisions. They interpolate a condition on the possessory lien that is not brought into U.C.C. sec. 9-310.

Applying the language of T.C.A. sec. 47-9-310 to the situation here, Alert did furnish services and materials in the ordinary course of business to goods which were subject to a security interest. Alert exercised a lien upon the goods while in its possession. Consequently, this lien takes priority over the perfected security interest held by M.A.C. The holding of this Court in *City Finance Co. v. Perry*, supra, is simply no longer the law of Tennessee.

The judgment of the lower court is affirmed. The costs of this appeal are assessed against the plaintiff in error.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.