SECURITY NATIONAL BANK AND TRUST COMPANY OF NORMAN, A National Banking Corporation; Joe Hernandez, an Individual; Hacienda Hernandez, Inc.; and Termplan Finance of Oklahoma City, Inc., Appellants,

v.

Robert B. REIGINGER; James L. Cullins; Robert D. Reisinger; and J. P. Davis d/b/a Skyland Developers; Skyland Self Storage Warehouse; Norman Self Storage Warehouse; and Friendly National Bank of Oklahoma City, Oklahoma, Appellees.

No. 52818.

Supreme Court of Oklahoma.

April 29, 1980.

Philip Warren Redwine, Norman, for appellants, Sec. Nat. Bank & Trust Co. of Norman, a national banking corporation; Joe Hernandez, an individual; Hacienda Hernandez, Inc.; and Termplan Finance of Oklahoma City, Inc.

McAfee, Taft, Mark, Bond, Rucks & Woodruff by John N. Hermes, Oklahoma City, for appellees, Robert B. Reisinger; James L. Cullins; Robert D. Reisinger; and J. P. Davis d/b/a Skyland Developers; Skyland Self Storage Warehouse; Norman Self Storage Warehouse; and Friendly Nat. Bank of Oklahoma City, Oklahoma.

HODGES, Justice.

This is an appeal from the entry of summary judgment by the trial court in a conversion action brought by Security National Bank & Trust Co. of Norman and Termplan Finance of Oklahoma City, Inc. [secured creditors], Joe Hernandez, and Hacienda Hernandez, Inc. [lessee], against Robert B. Reisinger; James L. Cullins; Robert D.

Reisinger, and J. P. Davis d/b/a Skyland Developers; Skyland Self Storage Warehouse; Norman Self Storage Warehouse [lessors]; and Friendly National Bank of Oklahoma City, Oklahoma.

On December 22, 1976, Skyland Developers, as lessor, entered into a lease agreement to rent a storage place at the Norman Self Storage Warehouse. The lease was signed Hacienda Hernandez of Norman, Inc., as lessee, "by Joe Hernandez." The rent was payable on a monthly basis. After the lessee failed to pay the rent for the months of February and March, 1977, a certified letter was mailed to the address listed for Hacienda Hernandez of Norman, Inc., on the lease, requesting the overdue rent. No response or payment was received. A second notice was then sent on March 29, 1977, informing Hacienda Hernandez of Norman that if the rent was not paid by April 4, 1977, the articles inside the locker would be sold for the overdue rent. Again, no payment was received. The property was sold on April 14, 1977, for $79.50 to a person who routinely dropped by to see if any property was for sale. The appellants filed suit against the lessors asserting that the sale constituted a conversion of their property, and sought compensatory and punitive damages. The appellees' motion for summary judgment was sustained on September 6, 1978, and the appellants appealed.

The determinative questions on appeal are whether a sale of goods pursuant to a statutory lien under 42 O.S.1971 § 91 has priority over a perfected security interest, and if the notice of the sale given to the appellants was sufficient.

I

Two corporations, Hacienda Hernandez, Inc., and Hacienda Hernandez of Nor-

man, Inc., in addition to Joe Hernandez, an individual, are inextricably intertwined in this matter. The Corporations operate several Mexican food restaurants, and Joe Hernandez is president of both corporations. The rental agreement stated that Hacienda Hernandez of Norman, Inc. was lessee, and this corporation paid the rent for the storage locker. However, Hacienda Hernandez of Norman is not a party to this action. Hacienda Hernandez, Inc. and Joe Hernandez are parties.

Security National Bank and Trust Company of Norman and Termplan Finance Company had filed financing statements covering some of the items in Oklahoma County and, therefore, claimed security interests in the goods. The debtors are listed on the financing statements as Hacienda Hernandez, Inc. and Joe Hernandez. Hacienda Hernandez of Norman, Inc. is designated on neither of the financing statements as a debtor. When Joe Hernandez, acting for Hacienda Hernandez of Norman, stored the items in the rented space, a statutory lien was imposed on these goods in favor of the lessors by operation of law. The contested issue, is the determination of lien priority—the perfected secured interest vs. the statutory lien.

Pursuant to 12A O.S.1971 § 9–310,[1] a person who furnishes goods or services to another may have a lien upon the goods in his possession. If these goods are subject to a security interest, his lien takes priority over the security interest unless the lien is statutory and the statute expressly provides otherwise. A statutory lien has priority over a security interest unless the statute expressly provides that the statutory lien does not have priority. Title 42 O.S.1971 § 91[2] does not mention whether liens created thereunder have priority over security

1. It is provided by 12A O.S.1971 § 9–310 that:
 "When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statu-

tory and the statute expressly provides otherwise."

2. Title 42 O.S.1971 § 91 states:
 "Every person who, while lawfully in possession of an article of personal property, renders any service to the owner thereof by furnishing material, labor or skill for the protection, improvement, safekeeping, towing, storage or car-

interests. However, it has been held that possessory liens created pursuant to this section have priority over secured parties.[3] This rule has been followed in Oklahoma,[4] and in other jurisdictions.[5]

## II

 The lessee and the secured creditors assert that the lessor had a duty to discover if the property in the storage locker was subject to a perfected security interest by checking the records in the office of the Oklahoma County Clerk, where the financing statements were filed in Oklahoma County as required by the Uniform Commercial Code.[6] It was admitted that no records were checked before the property was sold, either in Cleveland or Oklahoma Counties. Even if the records had been checked, no record would have been found listing Hacienda Hernandez of Norman, Inc., as a debtor. The failure of the lessor

riage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due to him from the owner for such service.

(A) Said lien may be foreclosed by a sale of such personal property upon the notice and in the manner following: The notice shall contain:

(1) The names of the owner and any other party or parties who may claim any interest in said property.

(2) A description of the property to be sold.

(3) The nature of the work, labor or service performed, material furnished, and date thereof.

(4) The time and place of sale.

(5) The name of the party, agent or attorney foreclosing such lien.

(B) Such notice shall be posted in three (3) public places in the county where the property is to be sold at least ten (10) days before the time therein specified for such sale, and a copy of said notice shall be mailed to the owner and any other party or parties who may claim any interest in said property, at their last known post office address, by registered mail on the day of posting. Party or parties who claim any interest in said property shall include owners of chattel mortgages and conditional sales contracts as shown by the records in the office of the County Clerk in the county where the lien is foreclosed.

(C) The lienor or any other person may in good faith become a purchaser of the property sold.

(D) Proceedings for foreclosure under this Act shall not be commenced until thirty (30) days after said lien has accrued."

to inspect these records did not prejudice the lessee or the secured creditors.

## III

 It is contended by the lessee and the secured creditors that they did not receive notice of the foreclosure sale. Section 91 is quite specific regarding the notice requirements of a foreclosure sale. Even though the mailed notices were returned to the lessor, they were mailed to the last known address of the lessee as required by statute. The lessee admitted that the mail at Hacienda Hernandez of Norman, Inc., ceased to be picked up, and that no forwarding address was given to the post office. We find the notice was proper.

There is no controversy as to the matters appealed from. The entry for summary judgment is, therefore, affirmed.

All the Justices concur.

3. *Commerce Acceptance of Oklahoma City, Inc. v. Press*, 428 P.2d 213, 215 (Okl.1967) states:

"Sec. 91, supra, contains no language concerning priori[ty] of liens. Since defendant had a statutory lien and possession of the automobile, and the statute granting him such lien did not expressly provide that a previously perfected security interest would have priority or such lien was subject to all prior liens, under the provision of § 3–910 of the Uniform Commercial Code, defendant's lien takes priority over plaintiff's perfected security interest."

4. *Earthmovers, Inc. v. Clarence L. Boyd, Inc.*, 554 P.2d 877 (Okl.App.1976).

5. *Mousel v. Daringer*, 12 UCC Rep. 367, 190 Neb. 77, 206 N.W.2d 579 (1973); *Manufacturers Acceptance Corp. v. Gibson*, 4 UCC Rep. 966, 220 Tenn. 654, 422 S.W.2d 435 (1967); *In re Big Boy Mobile Homes of Knoxville, Inc.*, 10 UCC Rep. 1307; *National Bank of Joliet v. Bergeron Cadillac, Inc.*, 19 UCC Rep. 940, 38 Ill.App.3d 598, 347 N.E.2d 874 (1976); *Gulf Coast State Bank v. Nelms*, 17 UCC Rep. 584, 525 S.W.2d 866 (Tex.1975).

See also Annot., "Construction and Effect Of UCC Art. 9, Dealing With Secured Transactions, Sale of Accounts, Contract Rights, and Chattel Paper," 30 A.L.R.3d 9, 89–92 (1970).

6. 12A O.S.1971 § 9–401.