IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2006 Session

## TRUSTMARK NATIONAL BANK v. ALVIS MILLER

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-04-1527-3    D.J. Allisandratos, Chancellor**

_____

**No. W2005-01113-COA-R3-CV - Filed April 6, 2006**

_____

Trustmark National Bank ("Trustmark") obtained a judgment of replevin in Mississippi for a truck in the possession of Alvis Miller ("Appellant"). Prior to the Mississippi hearing, Trustmark properly served Appellant with notice, and Appellant filed a hand-written statement informing the court that he had a possessory lien on the truck for repairs made by Appellant. Despite this, the Mississippi court held that Trustmark's lien had priority over Appellant's possessory lien. When Trustmark sought to enroll the Mississippi judgment in Tennessee, Appellant argued that Tennessee courts should not extend full faith and credit to the Mississippi judgment because under Tennessee law, common law possessory liens have priority over prior recorded interests. The trial court enrolled the judgment and Appellant appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Ed M. Hurley, Memphis, Tennessee, for the Appellant, Alvis Miller.

**OPINION**

*Factual Background and Procedural History*

Appellant Alvis Miller ("Appellant") owned and operated a business in Collierville, Tennessee, by the name of "The Auto Center." The Auto Center engaged in auto sales and repairs. Appellant's brother, Robert Miller, owned a 1989 Freightliner dump truck financed by Appellee Trustmark Bank ("Trustmark"), which is located in Southaven, Mississippi. In March 2004, Appellant took possession of the dump truck for the purpose of replacing the diesel engine and clutch. Repair costs amounted to $6,800.00 with additional storage costs of $810.00 for a total invoice of $7,610.00. Appellant subsequently failed to receive payment for the repairs and, as a result, asserted a common law lien of possession against the truck. Due to this lien,

Appellant retained possession of the truck and has continually retained possession of the said truck throughout the course of this litigation.

Trustmark secured a judgment of replevin for the dump truck on July 28, 2004, in the County Court of DeSoto County, Mississippi. Although Appellant did not personally appear before the DeSoto County Court, he was properly served with notice and he did file a handwritten response in which he described his lien of possession. After securing the judgment of replevin, Trustmark filed a petition to enroll the judgment in Tennessee. In response, Appellant filed a Motion for Summary Judgment arguing that Trustmark's foreign replevin judgment failed to take priority over Appellant's common law lien of possession. Trustmark also filed a Motion for Summary Judgment arguing that Appellant's priority claim was barred under the doctrine of *res judicata*, and further arguing that Appellant's possessory lien was not superior to Trustmark's judgment of replevin.

On March 11, 2005, the trial court issued an order denying Appellant's motion for summary judgment. In this order, the Chancellor also made the following findings:

1. Defendant Alvis Miller was duly served with process and attempted to file a response in the related mater filed and heard by the County Court of DeSoto County, Mississippi.

2. Defendant Miller was afforded the opportunity to raise any and all objections and defenses he may have had in the matter.

3. The issues Defendant Miller seeks to raise are barred by the doctrine of res judicata.

Subsequently, on April 29, 2005, the trial court granted summary judgment in favor of Trustmark and enrolled Trustmark's Mississippi judgment of replevin. Appellant appeals.

### Issues Presented

We interpret the issues in this case to be 1) whether, under Tennessee Law, Appellant's possessory lien is superior to Trustmark's Mississippi judgment, and 2) whether the trial court erred in enrolling Trustmark's Mississippi judgment in Tennessee. For the reasons stated herein, we affirm.

### Standard of Review

Summary judgment is only appropriate where the moving party shows that there are no disputed issues of material fact and that, based upon those facts, the party is entitled to a judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). This Court normally reviews a grant of summary judgment to determine first whether any disputed issues of

material fact exist which should be submitted to a trier of fact, and second to determine whether the trial court properly applied the law to the facts presented. *Id.* at 214-15. In this case Appellant does not appear to argue that any disputed issues of material fact exist. Rather, Appellant asserts that the trial court erroneously applied the law to the undisputed facts in this case, resulting in a grant of summary judgment in favor of Trustmark. The standard of review for this Court on issues of law is *de novo*, with no presumption of correctness afforded to the conclusions of the court below. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); Tenn R. App. P. 13(d) (2006).

### *Analysis*

The full faith and credit clause in the United States Constitution provides that

> [f]ull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof.

U.S. Cost. art. IV, § 1. The United States Supreme Court expounded on the effect of the full faith and credit clause in *Hampton v. M'Connel*, 16 U.S. 234 (1818), where Chief Justice Marshall, found that

> the judgment of a state court should have the same credit, validity, and effect, in every other court in the United States, which it had in the state where it was pronounced, and that whatever pleas would be good to a suit thereon in such state, and none others, could be [pleaded] in any other court in the United States.

*Hampton*, 16 U.S. at 1.

As explained by this Court in *Mirage v. Pearsall*, No. 02A01-9608-CV-00198, 1997 WL 275589 (Tenn. Ct. App. May 27, 1997), *perm. app. denied* (Tenn. Dec. 8, 1997), Tennessee courts recognize that it is

> well established that the full faith and credit cause of the federal constitution requires that the judgment of a state court, which had jurisdiction of the parties and the subject matter in the suit, be given the same credit, validity and effect in the courts of every other state and that such judgment be equally conclusive upon the merits in the courts of the enforcing states. . . .

> . . . .

> Thus, where an action is brought on a judgment rendered by a court of a sister state, the full faith and credit cause of the federal constitution *prohibits an inquiry*

-3-

*into the merits of the original cause of action.* In an action on a foreign judgment, the forum court may inquire only into questions which would be considered on collateral attack in the state where the judgment was rendered. . . . Therefore, even though a cause of action could not be entertained in the forum state . . . because the particular action was not recognized in the courts of the forum state, the judgment thereon obtained in a sister state is entitled to full faith and credit.

*Id.* at *3-4 (citations omitted) (emphasis added).

Despite the foregoing, "the United States Supreme Court has recognized at least three exceptions to the full faith and credit clause." *Id.* at *4. Specifically, states may refuse to apply full faith and credit to judgments that are 1) void due to a lack of personal or subject matter jurisdiction, 2) based upon fraud, or 3) "where enforcement of the judgment would violate the public policy of the forum state." *Id.* (citations omitted). Tennessee courts have also recognized and adopted these exceptions. *See Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688 S.W.2d 439, 445 (Tenn. Ct. App. 1984); *In Re Riggs*, 612 S.W.2d 461, 465 (Tenn. Ct. App. 1980).

In the case at bar, Appellant first argues that this Court should find that Appellant's common law lien of possession is superior to Trustmark's prior security interest. Specifically, Appellant asserts that, under Tennessee law, common law liens of possession are superior to prior security interests. However, despite this, the Mississippi court adjudicated that Trustmark's prior security interest had priority over Appellant's lien. Since Trustmark is seeking to enforce the Mississippi judgment in Tennessee, Appellant avers that Tennessee law concerning priority should apply and thus Appellant's Tennessee common law possessory lien should retain superiority against Trustmark's foreign judgment. We disagree.

As previously noted in the facts section of this opinion, "where an action is brought on a judgment rendered by a court of a sister state, the full faith and credit clause of the federal constitution prohibits an inquiry into the merits of the original cause of action." *Mirage*, 1997 WL 275589 at *4. As a result, this Court will not address the merit of Trustmark's Mississippi ruling. However, as far as Appellant's assertion that the Tennessee trial court erred in not finding that Appellant's possessory lien had priority over Trustmark's security interest, we note that Appellant was properly served with notice of Trustmark's Mississippi replevin action and that Appellant, acting pro se, presented a hand-written response to the Mississippi trial court in which he described his lien. Despite Appellant's actions, the Mississippi trial court ruled that Trustmark's security interest had priority over any lien held by Appellant. The record fails to show whether Appellant filed an appeal in the Mississippi courts. However, the record does show Appellant contested the judgment when Trustmark sought to enroll it in Tennessee. In enrolling Trustmark's Mississippi judgment, the Chancery Court for Shelby County, Tennessee, determined that issues of priority raised by Appellant were barred by the doctrine of *res judicata*. We agree.

-4-

Under Tennessee law, "[t]he doctrine of res judicata 'bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Cohn v. Bd. of Prof'l Responsibility*, 151 S.W.3d 473, 486 (Tenn. 2004). "Thus, when a court of competent jurisdiction has rendered a final judgment on a complaint, which does not grant one of the parties the relief he desires, that party is not entitled to submit a substantially similar complaint to a different court in hope of a better result." *Sweatt v. Tenn. Dep't of Corr.*, 88 S.W.3d 567, 569 (Tenn. Ct App. 2002). In the case at bar, the record shows that Appellant was duly served with process in Trustmark's Mississippi replevin action and, thus, was afforded the opportunity to assert all objections and defenses related to the matter. Appellant, acting pro se, took advantage of this opportunity by filing a written statement with the County Court of DeSoto County, Mississippi. As a result, we find that Appellant is now barred under the doctrine of *res judicata* from raising the issue of priority in a Tennessee court.

Despite the fact that Appellant had the opportunity to argue priority in the Mississippi hearing, Appellant next argues that the lower court erred in extending full faith and credit to Trustmark's Mississippi replevin judgment because such judgment violates public policy in Tennessee. Specifically, in his brief, Appellant states that

> the foreign judgment even based on a security interest recorded in the State of Mississippi, cannot be superior or take priority over a common lien of possession for any reason because it is part of the public policy law of the State of Tennessee, an age old rule created by the Supreme Court of this State that few people have ever questioned.

We disagree.

This Court has previously recognized that a "judgment of the court of another state does not necessarily violate the public policy of this State merely because the law upon which it is based is different from our law." *Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688 S.W.2d 439, 445 (Tenn. Ct. App. 1984) (citations omitted), *perm app. denied* April 1, 1985. As currently set forth under section 47-9-333 of the Tennessee Code, "[a] possessory lien on goods has priority over a security interest in the goods unless the lien is created by a statute that expressly provides otherwise." Tenn. Code Ann. § 47-9-333(b) (2006). However, a review of Tennessee law discloses that the priority of possessory liens has changed over the course of time. Specifically, as explained by the Tennessee Supreme Court in *Manufacturers Acceptance Corp. v. Gibson*, 422 S.W.2d 435 (Tenn. 1967),

> [o]riginally an artisan's lien on chattels retained in his possession was superior to a lien of retained title, unless the artisan had knowledge of the prior lien. *Robinson Bros. Motor Co. v. Knight* (1926) 154 Tenn. 631, 288 S.W. 725. The passage of the Motor Vehicle Title and Registration Law of 1951 altered this concept. *City Finance Co. v. Perry* (1953) 195 Tenn. 81, 257 S.W.2d 1, 36 A.L.R.2d 224, interpreted this Act to mean that when filing of the title certificate

was had with the Motor Vehicle Division of the Tennessee Department of Safety, and a notation of a lien or encumbrance was placed upon the certificate, constructive notice of this lien or encumbrance was imposed upon subsequent purchasers or lienors. That case specifically held that a lien on an automobile duly recorded upon the title certificate took priority over a subsequent possessory lien of an artisan.

The law was again settled until the passage of the Uniform Commercial Code by the Tennessee Legislature in 1963. . . .

The subject of priority of liens is specifically covered by T.C.A. s 47-9-310, which provides as follows:

> 'Priority of certain liens arising by operation of law. –When a person in the ordinary course of his business, furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise. (Acts 1963, ch. 81, s 1 (9-310)[)].'

*Gibson*, 422 S.W.2d at 436.

As can be seen in the above case, Tennessee law concerning the priority of possessory liens does not constitute an "age old rule" that has seldom been questioned. Rather, Tennessee case law shows that this area of the law has undergone many changes over the course of the last several decades and has, at times, granted prior lien holders priority over holders of liens of possession. As a result, we find that the enforcement of the Mississippi judgment giving Trustmark's lien priority over Appellant's Tennessee common law possessory lien does not violate any strong public policy of this State. We affirm.

### *Conclusion*

Based upon the foregoing, we affirm the trial court on all issues brought before this Court. Costs of this appeal are awarded against the Appellant, Alvis Miller, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE