J. L. McJunkin, Plaintiff in Error, *v.* Chattanooga Garage, Defendant in Error.

(*Knoxville,* September Term, 1933.)

Opinion filed October 14, 1933.

Tillett & Wetherford, for plaintiff in error.

J. L. Foust and J. M. Alper, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

Asserting a claim in default for unpaid purchase money secured by a retention of title contract, McJunkin brought replevin against the garage to recover a car which a deputy sheriff had taken from the purchaser

under an execution or attachment, and stored with the garage. Storage charges of $11 had accrued when McJunkin demanded possession, which the garage refused to deliver, except on payment of the storage charges, for which they claimed a lien.

The case was heard by the trial court on a stipulation of facts and judgment rendered sustaining the superiority of the garage keeper's lien over the retention title lien of McJunkin, of which the garage had no record or other notice.

This case appears to be largely controlled by the decision of this court in *Service Station* v. *Motor Company*, 158 Tenn., 258, the distinction on the facts being that in that case the car was placed in storage by the purchaser of the car, whereas here the car was placed in the garage by an officer having lawful possession of it. Counsel for McJunkin urge this distinction as ground for a different holding. To this we are unable to agree.

McJunkin, as a conditional vendor, did not own the car absolutely, but held a lien merely, as security for the purchase money, by the retention of the title. *Nance* v. *Piano Co.*, 128 Tenn., at page 7. The possession of the officer being lawful carried with it the same right the owner had to do with the car what was necessary for its protection and preservation. This inured to the benefit of the title retention lienor, in much the same manner as when necessary repairs are made by an artizan (see *Nance* v. *Piano Co., supra*).

Cases in which purchase money, or other liens, are evidenced by duly registered mortgages, and expressions occurring in opinions discussing such situations, are without application to the instant case. *Kingsport Brick Co.* v. *Bostwick,* is of this class, 145 Tenn., 44.

Nor is *Knoxville Outfitting Co.* v. *Storage Co.*, 160 Tenn., 203, in conflict. There household goods subject to a conditional sale contract lien had been stored in a warehouse. It was the Warehouseman statute, Chapter 336, Acts 1909, which was involved.

It will be observed that the lien of the warehouseman is expressly limited to goods "belonging to the person (a) who is liable as debtor for the claim in regard to which the lien is asserted;" and (b) to goods of others only when deposited by a person so intrusted with possession that a pledge of the goods by him to one receiving them in good faith would be valid. This statutory lien superseded the common-law lien and controls, as pointed out in *Knoxville Outfitting Co.* v. *Storage Co.*, *supra*.

Our statute (1932 Code, 7979) gives to garage keepers the same lien provided for in Section 7975 on all stock received by livery stable keepers for board and feed; and said Section 7975 expressly declares this lien to be "the same as the innkeeper's lien at common law." It will hardly be questioned that the common-law liens of the artizan and the innkeeper were superior to an unrecorded retention of title lien. For pertinent comment on the wide reach of the common-law lien see paragraph (4) on page 206 of the opinion of Chief Justice GREEN in *Knoxville Outfitting Co.* v. *Storage Co.*, *supra*.

Judgment is affirmed.