IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 15, 2005 Session

## NEAL ROBERSON v. WEST NASHVILLE DIESEL, INC.

**Appeal from the Circuit Court for Davidson County**
**No. 03C-2452     Walter C. Kurtz, Judge**

———————————————

**No. M2004-01825-COA-R3-CV - Filed February 3, 2006**

———————————————

A repairer sold equipment at auction to enforce its lien and collect its charges for repairs.  It also attempted to collect storage charges that had not been agreed to.  The trial court found the repairer was not entitled to storage charges, and we agree under the facts of this case.  The trial court also awarded the owner of the equipment damages for the difference in the fair market value of the equipment and the amount received at auction.  We modify that award to the measure authorized by statute in the absence of a challenge to the auction procedures.  The trial court found the repairer violated the Tennessee Consumer Protection Act, and we reverse that holding.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Modified in Part and Reversed in Part**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Forest A. Durard, Jr., Shelbyville, Tennessee, for the appellant, West Nashville Diesel, Inc.

Jonathan A. Street, Nashville, Tennessee, for the appellee Neal Roberson.

**OPINION**

West Nashville Diesel, Inc. (WND) agreed to repair four (4) pieces of Neal Roberson's equipment, including some trucks and a Cat Loader.  Mr. Roberson performed some grading work for WND as partial payment for the repair.  Mr. Roberson owed WND a balance of $14,706 from the last repairs, which were completed in August of 2000.  WND informed Mr. Roberson that the repairs were completed, but Mr. Roberson failed to make payment, and the four (4) pieces of equipment remained on WND's premises for an extended period.

On May 28, 2002, WND notified Mr. Roberson by registered mail that, in addition to the repair bill of $14,706, Mr. Roberson also owed $10 per vehicle per day for storage, totaling over $30,000.  According to the May letters, if Mr. Roberson did not pay the repair bill and storage

charges by June 10, 2002, then WND would sell all four (4) pieces of equipment at auction on June 27. Mr. Roberson did not respond to these letters until WND received a certified letter from his attorney on June 27 after the auction had taken place.[1]

WND auctioned the equipment on June 27, 2002 to enforce its lien for repairs. There is no dispute between the parties on appeal as to the existence of the lien and the propriety of the auction procedures.[2] At the auction, WND bought three pieces of the equipment for the amount owed on the repairs for each vehicle. The purported storage charges for each vehicle remained outstanding. The Cat Loader was sold to a third party for $8,500.

Mr. Roberson filed immediately in General Sessions Court to recover the vehicles.[3] For reasons not apparent in the record, the matter was not heard for over a year, and on August 21, 2003, the General Sessions Court ordered WND to return the vehicles to Mr. Roberson. WND appealed to Circuit Court. Meanwhile, three pieces of equipment remained in WND's possession.

Mr. Roberson filed an Amended Complaint in Circuit Court alleging, among other things, that WND had unlawfully retained and sold his property. He alleged WND was not entitled to storage fees and that WND's attempt to collect the fees amounted to a violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.* ("TCPA"). WND filed a counter complaint seeking a judgment for the repair costs and storage fees it alleges remained outstanding after the vehicles were auctioned, in the total amount of $32,726.14.

The matter was tried on May 5, 2004. There is no transcript of the proceedings before the trial court, only a Statement of the Evidence.[4] The trial court issued its Memorandum and Order on May 6, 2004. The trial court found WND's repairs were authorized and the charges of $14,714 were reasonable. However, the court awarded $12,000 in compensatory damages resulting from the loss of Mr. Roberson's property, which the court determined was the difference between the fair market value of the equipment and the outstanding repair bills. As to the storage fees, the trial court found WND never informed Mr. Roberson that storage charges would be or were being incurred and WND delayed enforcement of its lien on the equipment while those undisclosed storage fees mounted. The trial court found no statutory or other authority for the fees. Since there was no agreement by Mr. Roberson to pay storage fees, coupled with WND's delay in attempting to collect them, then Mr. Roberson owed no storage fees.

---

[1] The letter was dated June 25, 2002, and indicated an awareness of the upcoming auction and notified WND that a warrant to recover the property had been filed.

[2] The trial court refused to allow Mr. Roberson to raise for the first time at the hearing issues regarding the reasonableness of the auction, finding the issues were not plead and refusing such a late amendment to the complaint. That ruling has not been challenged on appeal.

[3] The warrant to recover is dated June 25, 2002, which actually predates the auction.

[4] The trial court approved the Statement of Evidence "as to those statements not inconsistent with the finding of May 6, 2004."

The trial court found WND's attempts to collect a storage fee under these circumstances amounted to an unfair and deceptive act in violation of the TCPA. Under the TCPA, the court awarded Mr. Roberson $3,000 in damages plus attorney's fees of $6,000.

We review this case *de novo* on the record with a presumption of correctness of the trial court's findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Brooks v. Brooks*, 992 S.W.2d 403, 404 (Tenn. 1999). No presumption of correctness attaches to the trial court's decisions regarding questions of law. *Wilson v. Wilson*, 984 S.W.2d 898, 900 (Tenn. 1998).

## I. REPAIR COSTS

As stated earlier, there is no dispute that WND was owed for the repairs it made to Mr. Roberson's vehicle. According to WND, the amount owing for repairs was $14,706.14. The trial court found the repairs and charges therefor appropriate and reasonable. Mr. Roberson does not assert on appeal that he did not owe the repair charges or that they were unreasonable. The trial court also found that WND was entitled to enforce its statutory repairer's lien by sale at auction pursuant to Tenn. Code Ann. §§ 66-14-101 *et seq.*[5]

The propriety of the auction procedures has not been challenged. Accordingly, WND was entitled to use the proceeds from the auction to satisfy the repair bills (as well as costs of the sale). Tenn. Code Ann. § 66-14-106. The balance is due to the original owner of the equipment sold, herein Mr. Roberson. *Id.*

WND bid in for three of the pieces of equipment for the outstanding repair bill on each. Consequently, there were no excess proceeds from the auction as to those three pieces to return to Mr. Roberson. As to the fourth piece, a CAT loader, WND sold it for $8,500, or actually received in trade other equipment worth that amount. The outstanding repair charges on that vehicle totaled $7,141, so Mr. Roberson was entitled to the difference of $1,359 absent other costs owed to WND.[6]

The trial court awarded Mr. Roberson $12,000 in damages representing the difference between the outstanding repair bills and the fair market value of the equipment sold, even though it decided WND was entitled to sell the property to recover its repair bills.[7] Absent allegations of

_____

[5]Although the trial court also cited Tenn. Code Ann. § 66-19-103, that section deals with garage keeper's liens, an issue separate from the lien for repairs, as discussed below.

[6]The record does not address other costs, so WND's failure to prove costs of the sale, etc., precludes its recovery of any such costs.

[7]The court noted that for several reasons, return of the equipment to Mr. Roberson was no longer an appropriate remedy. We agree, and although Mr. Roberson's original filing in General Sessions Court asked for recovery of his property, he does not disagree with the court's determination that returning the equipment to him was no longer feasible or desirable.

impropriety regarding the sale, the fair market value of the equipment was determined by the sale. We can find no authority for an award to the owner of the difference between an alleged fair market value and charges that were owed when there is no challenge to the validity of the procedures used to sell the equipment. To the contrary, Tenn. Code Ann. § 66-14-106 provides:

> If the goods are sold, from the proceeds of such sale the artisan shall satisfy the artisan's lien, including the reasonable charges of notice, advertisement, and sale. The balance, if any, of the proceeds shall be held by the artisan, and delivered on demand to the person to whom the artisan would have been bound to deliver or justified in delivering the goods.

The trial court clearly awarded Mr. Roberson $12,000 in damages resulting from the loss of his property, finding that amount to be "the difference between the fair market value of the vehicle he sold at auction and the amount he owed for the repairs."[8] The court also clearly held that WND was entitled to its repair costs. However, the only evidence in the record as to any alleged fair market value of the four pieces of equipment is Mr. Roberson's testimony as set out in the Statement of the Evidence. According to this testimony, the total value of all the equipment was only $12,450. Thus, if the repair costs are actually deducted from the value, Mr. Roberson would not be entitled to any recovery under the trial court's reasoning because the fair market value did not exceed the repair costs. We can only conclude that the trial court simply made an error in its calculations.

On appeal, Mr. Roberson does not argue that the measure of damages applicable to a valid sale to enforce a lien does not apply. Instead, he argues that the $12,000 was awarded as damages for the TCPA violation. That argument is not supported by the language of the order. As set out earlier, the trial court explained the basis for its award of $12,000. Additionally, the court, later in its order, made an award of "additional damages" of $3,000 for violation of the TCPA.

The proceeds of the sale exceeding the repair cost totaling $1,359 is awarded Mr. Roberson pursuant to Tenn. Code Ann. § 66-14-106. The trial court's judgment for $12,000 to Mr. Roberson is modified accordingly.

## II. STORAGE CHARGES

WND asserts a right to charge for storage of Mr. Roberson's equipment and to enforce a lien for those charges, relying on a "common law storage lien" and citing *Diamond Service Station v.*

---

[8]After deciding that return of the vehicles or equipment to Mr. Roberson was not an appropriate remedy, the court determined that damages were the appropriate remedy. We interpret the order as finding any remedy or relief due only because of the court's finding that no storage fees were owed. However, there was a valid lien for the repair costs, and the auction was appropriately held to enforce that lien. Mr. Roberson did not suffer the loss of his property because of the storage fee claims.

-4-

*Broadway Motor Co.*, 12 S.W.2d 705 (Tenn. 1928) and *J. L. McJunkin v. Chattanooga Garage*, 63 S.W.2d 517 (Tenn. 1933), and likening such a lien to a garage keeper's or stable keeper's lien.

Whether or not any general common law lien for storage costs may have survived the enactment of specific statutory liens, any entitlement to such a lien rests on an actual obligation to pay the storage costs. *See Diamond Service Station*, 12 S.W.2d at 706.[9] The trial court herein found that there was no agreement by Mr. Roberson to pay storage fees and, thus, such fees were not part of any contract for repair between the parties. The evidence clearly supports this finding.

Other facts present herein also preclude WND for relying on any "storage lien" as the basis for its entitlement to storage fees. First, WND did not put Mr. Roberson on notice that it intended to charge storage. There was clearly no agreement or even notice of the amount it intended to charge. Second, WND made no effort for years to bill for (even though it periodically billed for the repair costs) or to collect any storage fees or to enforce any purported lien while the undisclosed storage fees mounted. Taking all these facts into consideration, we, like the trial court, find WND is not entitled to collect or recover storage fees.

### III. CONSUMER PROTECTION ACT

Although we agree with the trial court that WND is not entitled to recover storage fees in this lawsuit, we cannot agree that WND's notification to Mr. Roberson that it expected payment of those fees was an unfair or deceptive act in violation of the TCPA that entitled Mr. Roberson to damages under that Act.

The trial court found "the attempt of [WND], under the facts and circumstances of this case, to charge more than $31,000 in storage is an unfair and deceptive act in violation of T.C.A. § 47-18-104." The court awarded damages under the TCPA, citing Tenn. Code Ann. § 47-18-109(a)(3) and (4),[10] "for the attempt by the defendant to charge these unauthorized and/or unconscionably high storage fees to the plaintiff."

Regardless of whether the trial court's finding of a violation of the TCPA can be affirmed, Mr. Roberson is not entitled to any damages under the TCPA. A party who "suffers an ascertainable loss of money or property" as a result of an unfair or deceptive act of another may bring a private

---

[9]We note that the statutory lien relied on by WND, Tenn. Code Ann. § 66-19-103 (relating to garagekeepers, which includes establishments for the repair of vehicles), creates a right to a lien "until all reasonable charges **due** are paid." Subsection (a)(4) limits the right to storage fees in certain circumstances that no party has alleged exist herein. Tenn. Code Ann. § 55-23-103 limits one who stores motor vehicles to 60 days of storage charges without agreement by the owner, absent notice of the intent to impose fees beyond 60 days, but that provision does not apply in counties with a metropolitan form of government, *e.g.*, Davidson County, where WND is located.

[10]These provisions authorize the award of up "three times the **actual damages** sustained" in the case of a willful or knowing violation of the TCPA and set out the factors to be considered in making such an award. The trial court set forth authority for its discretion to award an amount less than "treble the compensatory damages."

action under the TCPA to recover "actual damages." Tenn. Code Ann. § 47-18-109(a). Mr. Roberson failed to prove that he suffered the loss of his equipment or any other "ascertainable loss" as a result of WND's attempt, in its May 2002 letters, to charge him storage costs. He lost his equipment because it was lawfully auctioned off to pay valid and long-owed repair bills.

Mr. Roberson left his equipment in WND's care and did not pay his repair bill for a period of years even though he was contacted about it periodically. As the trial court found, and we have affirmed, WND was entitled to sell his property to recover the outstanding repair charges. It was entitled to conduct the auction, after notice to Mr. Roberson, unless Mr. Roberson paid those charges.

After receiving the May 2002 notices that his equipment would be sold, Mr. Roberson did not contact WND to make arrangements to pay his bill. While he argues that the addition of the $31,000 in storage costs made it impossible for him to pay the total amount demanded in the time given him, he did not ask WND to remove the storage charges or otherwise challenge them except by communication that reached WND after the sale had taken place.[11] He did not attend the auction and bid the repair cost amount. Tellingly, there is no proof in the record that he was prepared or willing to pay the repair costs or make arrangements for their payment.

Under these facts, we conclude that Mr. Roberson did not prove that he suffered any ascertainable loss of property or money as a result of the act that the trial court found to violate the TCPA, *i.e.*, WND's attempt to charge the storage fees. Consequently, the award of $3000 in damages made under the TCPA must be reversed.

With regard to the award of attorney's fees under the TCPA, such fees are authorized by Tenn. Code Ann. § 47-18-109(e)(1), which provides:

> Upon a finding by the court that a provision of this part has been violated, the court may award to the person bringing such action reasonable attorney's fees and costs.

Under the wording of this provision, there is no requirement that damages be awarded as a prerequisite to an award of attorney's fees. However, this provision cannot be read in isolation and must be construed with other sections, particularly the provision regarding a private right of action for damages. Mr. Roberson did not bring an action for injunctive or declaratory relief, as is authorized in Tenn. Code Ann. § 47-18-109(b). Under that section of the TCPA, a party who has been or is "affected by a violation" of the TCPA may bring an action for a declaratory judgment and

---

[11]That letter from Mr. Roberson's attorney challenged the validity of the upcoming auction because the bill included storage charges in excess of those allowed by a statute not in effect in Davidson County and also challenged the amount due for repairs arguing other arrangements had been made. The trial court specifically found that the evidence did not show that the alternative arrangement argued by Mr. Roberson had been made and, instead, showed that Mr. Roberson owed $14,700 in repair costs.

-6-

injunctive relief.[12]  Tenn. Code Ann. § 47-18-109(b).  Instead, he brought an action for money damages alleging he suffered an ascertainable loss as a result of an unfair or deceptive act.

Because Mr. Roberson failed to prove any loss resulting from the May 2002 letters from WND reflecting a storage charge, his claim under Tenn. Code Ann. § 47-18-109(a)(1) was not sustained and should have been dismissed.  In that situation, we find the award of attorney's fees is not authorized.

Even if we were to read Tenn. Code Ann. § 47-18-109(e)(1) as authorizing the award of attorney's fees where the damage claim in a lawsuit based on Tenn. Code Ann. § 47-18-109(a)(1) is not sustained, we conclude that attorney's fees should not have been awarded in this case because WND did not violate the TCPA by sending letters attempting to charge for storage.

Mr. Roberson did not allege a TCPA violation in either his General Sessions Court warrant to recover property or in his original filings in the Circuit Court.  He amended his complaint on May 4, 2004, and included an allegation that WND's "failure to honor the agreement between the parties and attempt to charge unfair and unsolicited storage and repair fees is an **unfair act** or practice affecting the conduct of any trade or commerce" and, consequently, violative of the TCPA.  Mr. Roberson did not cite to any particular provision of the TCPA.

The TCPA prohibits and makes unlawful "unfair or deceptive acts or practices affecting the conduct of any trade or commerce."  Tenn. Code Ann. § 47-18-104(a).  A number of specific unfair or deceptive acts are described and declared to be violations of the Act.  Tenn. Code Ann. § 47-18-104(b).  Among those specific listings is a general "catchall" provision: "engaging in any other act or practice which is deceptive to the consumer or to any other person."  Tenn. Code Ann. § 47-18-104(b)(27).  Since Mr. Roberson only alleged that WND's actions were unfair, he clearly did not allege a violation of the catchall provision.[13]

WND argues that the only provision of the TCPA that is at issue is the "catchall" violation provision.  However, subsection (a) still applies and explicitly is not limited by the enumeration of specific acts and practices in subsection (b).  Thus, the  question is whether the actions of WND found by the trial court to violate the TCPA were unfair acts or practices.

Although the question of whether specific conduct is "unfair" or "deceptive" is a question of fact, the standards to be used in answering that question, *i.e.*, the definitions of those terms, are questions of law to be decided by the courts. *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 and 298 (Tenn. 1997); *Tucker v. Sierra Builders*, No. M2003-02372-COA-R3-CV, 2005 WL 1021675, at * 4 (Tenn. Ct. App. April 29, 2005) (perm. app. denied Oct. 24, 2005).  While the General Assembly

---

[12]Such a private lawsuit is available only if the division of consumer affairs has not brought a prior action.

[13]Even if he had alleged a violation of Tenn. Code Ann. § 47-18-104(b)(27), WND's actions in sending him letters attempting to charge storage fees was not a deceptive act or practice within the meaning of the TCPA.

prohibited "unfair" and "deceptive" acts in the TCPA, it did not define those terms. Consequently, it is left up to the courts to define them. *Ganzevoort*, 949 S.W.2d at 300. The terms must be given meaning in the context of the TCPA; the definitions are flexible; and resort to cases interpreting the same terms in federal legislation is appropriate. *Id.* at 298-99.

With regard to the definition of "unfair" as used in the TCPA, an act "should not be deemed unfair 'unless the act or practice causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to the competition.'" *Tucker v. Sierra Builders*, 2005 WL 1021675, at * 5, (adopting the standard applicable to the Federal Trade Commission set out in 15 U.S.C.A. § 45(n)). Measured against this standard, or similar ones describing the kind of abusive business practices the TCPA was designed to prevent, the evidence in this case preponderates against the finding the WND's attempt to charge storage fees was an unfair act that violated the TCPA.

## IV. CONCLUSION

Accordingly, the judgment of the Circuit Court finding a violation of the Tennessee Consumer Protection Act claim and awarding $3,000 in damages and $6,000 in attorney's fees is reversed . The additional judgment against WND for $12,000 is modified to award $1,359 to Mr. Roberson for excess proceeds received from the sale of the equipment. Costs of the appeal are divided equally between the parties.

_____
PATRICIA J. COTTRELL, JUDGE